JUDGE BATTS

07 CV 3545

Robert C. Faber (RF 7020)
Peter S. Sloane (PS 7204)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036-8403
Telephone: (212) 382-0700
Facsimile: (212) 382-0888



MAY 03 2007

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

INTERSEARCH GROUP, INC.,                    :
                                            :
                          Plaintiff,        :          Civil Action No.
                                            :
            v.                              :
                                            :
INTERSEARCH WORLDWIDE LIMITED,              :
                                            :
                          Defendant.        :
                                            :
-------------------------------------------------------------x

## COMPLAINT

InterSearch Group, Inc. ("Plaintiff"), by and through its attorneys Ostrolenk, Faber,

Gerb & Soffen, LLP, hereby complains of the activities of Defendant, Intersearch Worldwide

Limited, as follows:

## PARTIES

1.       Plaintiff is a corporation organized and existing under the laws of the State

of Florida, with its principal place of business at 222 Kearny Street, Suite 550, San Francisco,

California 94108.

{00837859.1}

2.    Upon information and belief, Defendant Intersearch Worldwide Limited ("Defendant"), is a corporation organized and existing under the laws of the United Kingdom, with its address at The Old Council Chambers, Halford Street, Tamworth, United Kingdom B79 7RB.

## JURISDICTION

3.    This Court has personal jurisdiction over Defendant because, based on information and belief, it has transacted business in the State of New York and in this District.

4.    Counts I and II arise under the trademark laws of the United States and seek relief, inter alia, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual justiciable controversy exists within this jurisdiction between Plaintiff and Defendant regarding Plaintiff's alleged violation of Defendant's purported trademark rights. This action further arises under the Lanham Act 15 U.S.C. § 1051, et. seq. Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTS COMMON TO ALL COUNTS

A.    **Plaintiff InterSearch Group, Inc. and its Various Businesses**

I.    **Plaintiff and its Internet Search Services Business**

6.    Since at least as early as November 2004, Plaintiff has used its name and the mark INTERSEARCH for providing Internet search services and related activities.

7.    Plaintiff provides Internet search services through a combination of traffic aggregation and proprietary web sites.

8.      Plaintiff operates in various areas of Internet commerce, including paid search, direct navigation, and online marketing, driving high quality traffic to advertisers and providing users with quick access to pertinent products.

9.      Plaintiff maintains an Internet web site at www.intersearch.com where it promotes and advertises its search services.  Printouts from its web site are attached as Exhibit A.

10.     Plaintiff has spent a substantial amount of time and resources in promoting services under the name and mark INTERSEARCH.

11.     Plaintiff has made significant sales of services under the name and mark INTERSEARCH.  In 2006, Plaintiff had revenue exceeding $25 million.

12.     Plaintiff is a publicly traded company with its shares listed on the American Stock Exchange under the symbol IGO.

13.     As a result of its widespread use, the INTERSEARCH name and mark has acquired substantial consumer goodwill and it represents a valuable asset for Plaintiff.

14.     On May 21, 2005, Plaintiff filed an application to register the mark INTERSEARCH with the U.S. Patent and Trademark Office under official serial number 78/591,286 (hereinafter referred to as the "Application").  A copy of the Application is attached as Exhibit B. The application covers, among other things, internet search engine services in International Class 42.

15.     The Application has been approved for publication by the Examining Attorney in the U.S. Patent and Trademark Office and published without opposition from third parties.

{00837859.1}

## II.    Plaintiff and its Corporate Services Business

16.    Plaintiff provides Internet technology professional services in the areas of information technology and search engine marketing to companies primarily in the financial services industry.

17.    Plaintiff helps its clients achieve higher efficiency and performance, as well as lower operating costs, by ensuring that they have the proper employees, technologies and processes.

18.    Since at least as early as January 2002, Plaintiff has provided professional consultation, staff augmentation and training services to its clients.

19.    Plaintiff provides rigorous employment screening searches for its clients. Candidates selected by Plaintiff are of high caliber with specialized backgrounds and confirmed credentials.

20.    Mandatory screening provided by Plaintiff includes a check of relevant project specific employment references, a criminal background check, education verification, a credit report check, social security verification and driving record verification.

21.    Upon request, Plaintiff screens candidates for professional license and credentials verification, professional liability insurance verification, drug use and sex offender registry status.

22.    Plaintiff actively promotes its services through its Corporate Services business through its Internet web site located at www.corp.intersearch.com. A printout of the home page is attached as Exhibit C.

23.    Plaintiff owns, by assignment, U.S. Registration No. 2,064,772 of the mark INTERSEARCH (hereinafter referred to as the "'772 Registration"). A printout of the '772

Registration showing title in the name of Plaintiff is attached as Exhibit D.

24.     The '772 Registration covers business marketing consulting services, market research services and conducting consumer surveys.  It is active, subsisting and in full force and effect.

25.     Plaintiff has recently filed an application to renew the '772 Registration.  A copy of the renewal application (hereinafter referred to as the "Renewal Application") with its specimen of use is attached as Exhibit E.

26.     The U. S. Patent and Trademark Office has accepted the Renewal Application.  A copy of the Notice of Acceptance is attached as Exhibit F.

27.     The '772 Registration evidences Plaintiff's exclusive right to use the mark INTERSEARCH for the services named therein.

### III.    Plaintiff and its Dispute with Conex over Rights to the mark INTERSEARH for Executive Search and Human Resource Services

28.     By letter dated March 30, 2005, a company named Conex Incorporated (hereinafter referred to as "Conex"), through its attorneys at the law firm of Reiss, Eisenpress & Eisenberg in New York, sent a demand letter to Plaintiff alleging trademark infringement in connection with use of the mark INTERSEARCH for executive search and human resource services. A copy of the letter is attached as Exhibit G.

29.     Following receipt of the letter shown in Exhibit G, Plaintiff and Conex discussed, but did not resolve, the dispute.

30.     Upon information and belief, Conex retained new counsel to help it resolve the dispute with Plaintiff.  By letter dated June 20, 2005, Conex, through the law firm of Morrison & Foerster LLP in San Francisco, sent a further demand letter to Plaintiff.  A copy is attached as

{00837859.1}

Exhibit H.

31.     The demand letter shown in Exhibit H expressly stated that Conex owned federal registrations for the INTERSEARCH mark including U.S. Registration Nos. 1,125,849, 2,531,787 and 2,346,993 (hereinafter collectively referred to as the "Registrations") and that it had been using that mark in connection with executive recruitment services.

32.     Conex had previously informed Plaintiff that Conex wished to sell the mark INTERSEARCH to others and that the activities of Plaintiff hampered that effort.  Conex and Plaintiff subsequently amicably resolved their dispute by an agreement for Plaintiff to purchase the rights of Conex in the mark INTERSEARCH.

33.     Conex and Plaintiff entered into a written settlement agreement in August of 2005 (hereinafter referred to as the "Agreement").  A copy of the Agreement is attached as Exhibit I.

34.     Under the Agreement, Conex represented that it is the sole owner of all right, title and interest in the mark INTERSEARCH in the Registrations.

35.     Plaintiff had no reason to doubt that Conex owned all right, title and interest in the mark INTERSEARCH in the Registrations since, among other things, Conex was the record owner of the Registrations and was represented by a well-known national law firm in negotiating the Agreement.

36.     The Agreement included an assignment of the Registrations as Exhibit A ("the Assignment").  As a bona fide purchaser, Plaintiff promptly recorded the Assignment in the Assignment Branch of the U.S. Patent and Trademark Office at Reel 3222, Frame 0696 on September 12, 2005.  A printout from the web site of the Assignment Branch of the U.S. Patent and Trademark Office is attached as Exhibit J.

{00837859.1}

37.     Based, in part, upon the representations made by Conex, the reputation of its counsel, the file history with the U.S. Patent and Trademark Office and the recorded Assignment of the Registrations from Conex to Plaintiff, Plaintiff has continued in good faith to use the name and mark INTERSEARCH for providing professional consultation, staff augmentation and training services.

**B.     Defendant and its Claimed Rights in the mark INTERSEARCH for Executive Search and Human Resource Services**

38.     Upon information and belief, Defendant is an organization that provides links on the internet to the web sites of executive search and human resource consulting firms located in various countries around the world.

39.     Upon information and belief, Defendant provides its Internet linking services through the web site at www.intersearch.org.

40.     Upon information and belief, Defendant has never registered or applied to register its name or mark INTERSEARCH in the United States.

41.     Upon information and belief, Defendant has not taken the requisite steps to protect its name or mark INTERSEARCH in the United States.

42.     On December 19, 2006, Defendant, through its attorneys, sent a letter to Plaintiff, alleging that Conex was a licensee of Plaintiff and that Conex had no right to assign the Registrations to Plaintiff.  A copy of the letter is attached as Exhibit K.

43.     In the letter shown in Exhibit K, Defendant alleges that Plaintiff adopted the name InterSearch long after Conex began using the INTERSEARCH mark on personnel, placement, recruitment and the other services (hereinafter collectively referred to as the "Services") identified in the Registrations and that, as a result, Defendant has prior rights to the INTERSEARCH mark for

{00837859.1}

such services.

44.    In the letter shown in Exhibit K, Defendant further alleges that Plaintiff's use of the mark INTERSEARCH in connection with the Services infringes the rights of Defendant in violation of state and federal trademark and unfair competition laws.  The letter demands, among other things, that Plaintiff assign the Registrations to Defendant and agree to refrain from using and registering the mark in connection with the Services.

45.    Since receiving the letter shown in Exhibit K, Plaintiff has tried without success to resolve the instant dispute with Defendant.

46.    Defendant continues to insist that Plaintiff assign the Registrations and discontinue using and registering the name and mark INTERSEARCH for the Services.

47.    Defendant has filed extensions of time to oppose Plaintiff's U.S. Application Serial Number 76/658,774 of the mark INTERSEARCH for a wide variety of goods and services including, among other things, employment recruiting, screening, evaluation, placement and staffing services in International Class 35.

## THE JUSTICIABLE CONTROVERSY BETWEEN THE PARTIES

48.    By reason of the foregoing, Plaintiff has been made to suffer a reasonable apprehension that it will be sued for trademark infringement and related causes of action if it continues to use and register the mark INTERSEARCH for employment related services.

## COUNT I

## DECLARATORY JUDGMENT OF TRADEMARK OWNERSHIP

49.     Plaintiff repeats and realleges the averments contained in Paragraphs 1 through 48 of this Complaint as if fully set forth herein again.

50.     This is a claim for declaratory judgment that Plaintiff is the owner of the mark INTERSEARCH in U.S. Registration Nos. 1,125,849, 2,531,787 and 2,346,993 for the services covered therein, having legitimately acquired all right, title and interest thereto from Conex.

51.     Plaintiff is under a real and imminent threat that Defendant will bring suit against it in the immediate future based on Defendant's claim that Defendant is the true owner of the mark INTERSEARCH for executive search and human resource services.

52.     By reason of the foregoing, Plaintiff is being threatened with damage by Defendant in the manner set forth above and will continue to be threatened with damage unless a declaratory judgment issues precluding Defendant from suing Plaintiff based upon the aforesaid acts.

53.     Plaintiff has no adequate remedy at law.

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

54.     Plaintiff repeats and realleges the averments contained in Paragraphs 1 through 48 of this Complaint as if fully set forth herein again.

55.     This is a claim for declaratory judgment that Plaintiff's use of the name and mark INTERSEARCH for providing professional consultation, staff augmentation and training services as alleged above do not infringe and have never infringed any trademark rights purportedly owned by Defendant in the mark INTERSEARCH.

56.     Plaintiff is under a real and imminent threat that Defendant will bring suit against it in the immediate future for trademark infringement and related causes of action.

57.     By reason of the foregoing, Plaintiff is being threatened with damage by Defendant in the manner set forth above and will continue to be threatened with damage unless a declaratory judgment issues precluding Defendant from suing Plaintiff based upon the aforesaid acts.

58.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A.     A declaration that Plaintiff is the owner of all right, title and interest in and to the trademark INTERSEARCH in U.S. Registration Nos. 2,531,787, 2,346,993 and 1,125,849 for the services covered therein.

B.     A declaration that Plaintiff's use of the name and mark INTERSEARCH for providing professional consultation, staff augmentation and training services through its InterSearch Corporate Services Division do not infringe any trademark rights owned by Defendant.

C.     An award to Plaintiff of its costs in this action including its reasonable attorneys' fees; and

D.     Such other and further relief as the Court may deem just and proper.

Dated: May 3, 2007
      New York, New York

Respectfully submitted,

Robert C. Faber
Peter S. Sloane
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036-8403
Telephone: (212) 382-0700
Attorneys for Plaintiff

{00837859.1}

Exhibit A

# Inter Search Group, Inc.

- home
- corporate overview
- executive team
- portfolio
- news room
- investor relations
- careers
- contact us



> web search <

> results <

> driven <

Results Driven Business

In an era when time-to-market determines success or failure, InterSearch ha established itself as a market leader through rapid commercialization. We apply technical expertise honed in successful Silicon Valley companies combined with Wall Street business acumen. We put the right people in pla to get the job done. We give teams the tools to succeed using corporate capital and strategic partnerships. From the first line of code to the bottom line, InterSearch builds success.

- ## Latest News

04/30/07                    9:47 AM EDT
InterSearch Group Schedules
Conference Call to Discuss First
Quarter 2007 Results - Business
Wire

04/16/07                    6:37 PM EDT
InterSearch Group Denounces False
News Reports; Demands Correction
- Business Wire

04/10/07                    9:45 AM EDT
InterSearch Group to Ring Opening
Bell on American Stock Exchange -
Business Wire

May 03 11:29 AM EDT

InterSearch home | site map | about us | contact us

Copyright © 2004-2007 InterSearch Group, Inc. — All Rights Reserved.

Case 1:07-cv-03543-DAB    Document 1    Filed 05/03/2007    Page 14 of 58



- home
- corporate overview
- executive team
- portfolio
- news room
- investor relations
- careers
- contact us

# Corporate Overview

InterSearch Group, Inc. provides Internet search services through a combination of traffic aggregation and proprietary Websites. The company operates in various areas of Internet commerce, including paid search, direct navigation, and online marketing. Its pay-per-click search services enable businesses to enhance their online transactions through online advertising to Internet users in response to their keyword search queries. The company also provides corporate services, including Internet technology consulting services to various companies primarily in the financial services industry.

InterSearch home | site map | about us | contact us

Copyright © 2004-2007 InterSearch Group, Inc. —- All Rights Reserved.

# Inter Search Group, Inc.

- home
- corporate overview
- executive team
- portfolio
- news room
- investor relations
- careers
- contact us

# Portfolio

## IRS.com

IRS.com is the #1 Independent Tax Resource on the Internet. We provide useful tax links to 3rd Party Tax providers for our visitors which are organized to make it easier to find what you are looking for quickly. IRS.com includes tax information about IRS tax forms, the Internal Revenue Service, estate taxes, tax software, income tax preparation, tax refunds, and IRS efile for year 2005 taxes. (NOTE - This site is not affiliated with the IRS website, the United States Internal Revenue Service or any state revenue or taxing agency.) Copyright © 2007 Internet Revenue Services, Inc.

**Visit** www.irs.com

## Banks.com

InterSearch's most recent domain acquisition is currently under development to be a leading financial services web portal. Banks.com will serve consumers with valuable information regarding all areas of financial services such as, banking, real estate lending, investing, trust services and much more. In addition, Banks.com will provide advertisers with access to a high volume, high quality and extremely targeted user base. Banks.com is an extremely valuable addition to the InterSearch portfolio. Financial Services is a major web category which offers InterSearch a multitude of new revenue opportunities and cross-sell opportunities with IRS.com.

**Visit** www.banks.com

## Looksearch.com

Look.com is a search engine serving high quality results to thousands of visitors per day.

**Visit** www.looksearch.com

## Camps.com

Camps.com will be a premier camps directory providing users with a plethora of information in order to facilitate their camp vacation planning needs. The site will contain listings of a wide variety of camp types, together with useful articles, user reviews and images and video content.

**Visit** www.camps.com

# ParkingDots.com

Parking Dots enables Internet domain owners to generate revenue from traffic to undeveloped and expired sites. Parking Dots uses proprietary strategies to deliver content to these sites from pay-for-performance advertisers. Visitors find what they are looking for. Advertisers gain customers. The domain owner generates revenue.

**Visit** www.parkingdots.com

# InterSearch Corporate Services, Inc.

InterSearch Corporate Services provides professional and technical consulting to the financial services industry. Focusing on operations efficiency and technology, we deliver strategic consulting and subject matter expertise to leading financial institutions.

**Visit** www.corp.intersearch.com

InterSearch home | site map | about us | contact us

Copyright © 2004-2007 InterSearch Group, Inc. — All Rights Reserved.

Exhibit B

Document Description: **Application**
Mail / Create Date: **21-Mar-2005**

Previous Page    Next Page    You are currently on page | 1 | of | 2 |    

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 78591286**
**Filing Date: 03/21/2005**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **MARK SECTION** | |
| MARK | INTERSEARCH |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | INTERSEARCH |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **OWNER SECTION** | |
| NAME | InterSearch Group, Inc. |
| INTERNAL ADDRESS | Suite 1200 |
| STREET | 250 Montgomery Street |
| CITY | San Francisco |
| STATE | California |
| ZIP/POSTAL CODE | 94104 |
| COUNTRY | United States |
| AUTHORIZED EMAIL COMMUNICATION | No |
| **LEGAL ENTITY SECTION** | |
| TYPE | CORPORATION |
| STATE/COUNTRY OF INCORPORATION | Florida |

## GOODS AND/OR SERVICES SECTION

| | |
|---|---|
| INTERNATIONAL CLASS | 042 |
| DESCRIPTION | Internet search engine services; Internet searching for others to locate goods and services; providing Internet search results to others; supplying Internet technology to others; consulting services relating to the Internet; consulting services relating to business operations, operation of Internet technology, information technology and financial services; development of software for others; training others in the use of software |
| FILING BASIS | Section 1(b) |

## SIGNATURE SECTION

| | |
|---|---|
| SIGNATURE | /robert c faber/ |
| SIGNATORY NAME | Robert C. Faber |
| SIGNATORY DATE | 03/21/2005 |
| SIGNATORY POSITION | Attorney for Applicant |

## PAYMENT SECTION

| | |
|---|---|
| NUMBER OF CLASSES | 1 |
| NUMBER OF CLASSES PAID | 1 |
| SUBTOTAL AMOUNT | 325 |
| TOTAL AMOUNT | 325 |

## ATTORNEY

| | |
|---|---|
| NAME | Robert C. Faber |
| FIRM NAME | Ostrolenk, Faber, Gerb & Soffen, LLP |
| INTERNAL ADDRESS | 7th Floor |
| STREET | 1180 Avenue of the Americas |
| CITY | New York |
| STATE | New York |
| ZIP/POSTAL CODE | 10036 |
| COUNTRY | United States |
| PHONE | 212-382-0700 |
| FAX | 212-382-0888 |

| AUTHORIZED EMAIL COMMUNICATION | No |
|---|---|
| ATTORNEY DOCKET NUMBER | T/4700-4 |
| OTHER APPOINTED ATTORNEY(S) | Samuel H. Weiner, Robert C. Faber, Max Moskowitz, James A. Finder, William O. Gray, III, Louis C. Dujmich, Charles P. LaPolla, Douglas A. Miro, Alfred R. Fabricant and Peter S. Sloane |

| CORRESPONDENCE SECTION | |
|---|---|
| NAME | Robert C. Faber |
| FIRM NAME | Ostrolenk, Faber, Gerb & Soffen, LLP |
| INTERNAL ADDRESS | 7th Floor |
| STREET | 1180 Avenue of the Americas |
| CITY | New York |
| STATE | New York |
| ZIP/POSTAL CODE | 10036 |
| COUNTRY | United States |
| PHONE | 212-382-0700 |
| FAX | 212-382-0888 |
| AUTHORIZED EMAIL COMMUNICATION | No |

| FILING INFORMATION | |
|---|---|
| SUBMIT DATE | Mon Mar 21 11:24:39 EST 2005 |
| TEAS STAMP | USPTO/BAS-21619520366-200 50321112439531118-7859128 6-2008a61d97ebcd5d7ac1ee9 1879148e50-DA-1300-200503 21112323569825 |

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 78591286**
**Filing Date: 03/21/2005**

## To the Commissioner for Trademarks:

**MARK:** (Standard Characters, see <u>mark</u>)

The mark consists of standard characters, without claim to any particular font, style, size, or color.

The literal element of the mark consists of INTERSEARCH.

The applicant, InterSearch Group, Inc., a corporation of Florida, residing at Suite 1200, 250 Montgomery Street, San Francisco, California, United States, 94104, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051 (b)).

    International Class 042: Internet search engine services; Internet searching for others to locate goods and services; providing Internet search results to others; supplying Internet technology to others; consulting services relating to the Internet; consulting services relating to business operations, operation of Internet technology, information technology and financial services; development of software for others; training others in the use of software

The applicant hereby appoints Robert C. Faber and Samuel H. Weiner, Robert C. Faber, Max Moskowitz, James A. Finder, William O. Gray, III, Louis C. Dujmich, Charles P. LaPolla, Douglas A. Miro, Alfred R. Fabricant and Peter S. Sloane of Ostrolenk, Faber, Gerb & Soffen, LLP, 7th Floor, 1180 Avenue of the Americas, New York, New York, United States, 10036 to submit this application on behalf of the applicant. The attorney docket/reference number is T/4700-4.

A fee payment in the amount of $325 will be submitted with the application, representing payment for 1 class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of

such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /robert c faber/   Date: 03/21/2005
Signatory's Name: Robert C. Faber
Signatory's Position: Attorney for Applicant

Mailing Address:
    Robert C. Faber
    7th Floor
    1180 Avenue of the Americas
    New York, New York 10036

RAM Sale Number: 1300
RAM Accounting Date: 03/21/2005

Serial Number: 78591286
Internet Transmission Date: Mon Mar 21 11:24:39 EST 2005
TEAS Stamp: USPTO/BAS-21619520366-200503211124395311
18-78591286-2008a61d97ebcd5d7ac1ee918791
48e50-DA-1300-20050321112323569825

---

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information:** *Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help:** *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- **Questions about USPTO programs:** *Please e-mail USPTO Contact Center (UCC).*

**NOTE:** *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

# INTERSEARCH

Exhibit C

Case 1:07-cv-03848-DAB    Document    Filed 05/03/2007    Page 25 of 58



**Inter)Search** Corporate Services, Inc.

an InterSearch Group Company

- Home
- Who We Are
- What We Do
- Careers
- Contact Us



# What Our Clients Say

"When we needed top talent for Corporate Actions, we knew that Intersearch Corporate Services could find the right people for the job." — JP Morgan Chase

InterSearch Corporate Services provides professional and technical solutions to the financial services industry. Focusing on operations efficiency and technology, we deliver strategic and tactical subject matter expertise to leading financial institutions. A key element to our success is our ability to identify specialized resources within narrow skill requirements. Our expertise cuts across business and technology. InterSearch Corporate Services is your Partner for Success.

Want to learn more? Contact Us

Home | Site Map | Contact Us

Copyright © 2002-2007 InterSearch Corporate Services, Inc. — All Rights Reserved

Exhibit D


**Home**  **Search**  **Help**  **List**

Rank _____  ☐ Include in Report

© 2002 trademark.com       **Record 1 of 1**



**Reference:** unnamed
**Database(s):** Federal
**Registration No.:** 2064772

| | |
|---|---|
| **Mark** | INTERSEARCH |
| **Status** | Renewed |
| **Status Date** | Sep 15, 2006 |
| **Register** | Principal |
| **Ser./App. No.** | 75-068746 |
| **Registration No.** | 2064772 |
| **Int'l Class** | 35 - Advertising and Business |
| **Goods/Services** | BUSINESS MARKETING CONSULTING SERVICES, MARKET RESEARCH SERVICES, CONDUCTING CONSUMER SURVEYS, AND CONDUCTING BUSINESS AND CONSUMER CONFERENCES AND SEMINARS IN THE ABOVE-MENTIONED FIELDS |
| **U.S. Class** | 100, 101, 102 |
| **1st Use** | Dec 31, 1975 |
| **Commerce Use** | Dec 31, 1975 |
| **Filing Date** | Mar 7, 1996 |
| **Published (Last)** | Mar 4, 1997 |
| **Registered** | May 27, 1997 |
| **Renewed** | May 27, 2007 |
| **Affidavits** | Sec. 8 accepted. Sec. 15 acknowledged. |
| **TTAB Proceeding** | Cancellation 45622 |
| **Plaintiff** | INTERSEARCH GROUP, INC. |
| **Mark** | INTERSEARCH |
| **Serial No.** | 78-591286 |
| **Correspondt** | ROBERT C. FABER, OSTROLENK, FABER, GERB & SOFFEN, LLP, 1180 AVENUE OF THE AMERICAS FL 7, NEW YORK, NY, 10036-8443 |
| **Filed** | Mar 15, 2006 |
| **Status** | Terminated  Sep 15, 2006 |
| **Correspondent** | PETER S. SLOANE OSTROLENK, FABER, GERB & SOFFEN LLP 1180 AVE OF THE AMERICAS NEW YORK, NY 10036 |
| **Applicant** | INTERSEARCH CORPORATION (PA CORP.) 410 HORSHAM ROAD HORSHAM, PA 19044 |
| **Registrant** | INTERSEARCH GROUP, INC. (FL CORP.) 222 KEARNEY STREET SUITE 550 SAN FRANCISCO, CA 94108 |

**ASSIGNMENTS**

| | |
|---|---|
| **Reel/Frame** | 3375/0133 |
| **Assignor(s)** | INTERSEARCH CORPORATION (PENNSYLVANIA CORPORATION) |
| **Assignee(s)** | SOFRES INTERSEARCH CORPORATION (PENNSYLVANIA CORPORATION), 410 HORSHAM ROAD, P.O. BOX 189, HORSHAM, PENNSYLVANIA, 19044 |
| **Correspondt** | PETER S. SLOANE, 1180 AVENUE OF THE AMERICAS, 7TH FLOOR, NEW YORK, NY 10036 |
| **Date Sgnd/Ack** | Mar 11, 1998 |
| **Date Recorded** | Aug 22, 2006 |
| **Brief** | CHANGE OF NAME |

| | |
|---|---|
| **Reel/Frame** | 3377/0832 |
| **Assignor(s)** | SOFRES INTERSEARCH CORPORATION (PENNSYLVANIA CORPORATION) |
| **Assignee(s)** | TAYLOR NELSON SOFRES INTERSEARCH CORPORATION (PENNSYLVANIA CORPORATION), 410 HORSHAM ROAD, P.O. BOX 189, HORSHAM, PENNSYLVANIA, 19044 |
| **Correspondt** | PETER S. SLOANE, 1180 AVENUE OF THE AMERICAS, 7TH FLOOR, NEW YORK, NY 10036 |
| **Date Sgnd/Ack** | Aug 11, 1998 |
| **Date Recorded** | Aug 25, 2006 |
| **Brief** | CHANGE OF NAME |

| | |
|---|---|
| **Reel/Frame** | 3379/0624 |
| **Assignor(s)** | TAYLOR NELSON SOFRES INTERSEARCH CORPORATION (PENNSYLVANIA CORPORATION) |
| **Assignee(s)** | TNS CUSTOM RESEARCH, INC. (PENNSYLVANIA CORPORATION), 410 HORSHAM ROAD, HORSHAM, PENNSYLVANIA, 19044 |
| **Correspondt** | PETER S. SLOANE, 1180 AVENUE OF THE AMERICAS, 7TH FLOOR, NEW YORK, NY 10036 |
| **Date Sgnd/Ack** | Dec 31, 2005 |
| **Date Recorded** | Aug 29, 2006 |
| **Brief** | CHANGE OF NAME |

| | |
|---|---|
| **Reel/Frame** | 3382/0094 |
| **Assignor(s)** | TNS CUSTOM RESEARCH, INC (PENNSYLVANIA CORPORATION) |
| **Assignee(s)** | INTERSEARCH GROUP, INC. (FLORIDA CORPORATION), 222 KEARNEY STREET, SUITE 550, SAN FRANCISCO, CALIFORNIA, 94108 |
| **Correspondt** | PETER S. SLOANE, 1180 AVENUE OF THE AMERICAS, 7TH FLOOR, NEW YORK, NY 10036 |
| **Date Sgnd/Ack** | Jul 17, 2006 |
| **Date Recorded** | Aug 31, 2006 |
| **Brief** | ASSIGNS THE ENTIRE INTEREST |

| | |
|---|---|
| **Reel/Frame** | 3394/0406 |
| **Assignor(s)** | TNS CUSTOM RESEARCH, INC. (PENNSYLVANIA CORPORATION) |
| **Assignee(s)** | INTERSEARCH GROUP, INC. (FLORIDA CORPORATION), 222 KEARNEY STREET, SUITE 550, SAN FRANCISCO, CALIFORNIA, 94108 |
| **Correspondt** | STEPHEN J. QUIGLEY, 1180 AVENUE OF THE AMERICAS, OSTROLENK, FABER, GERB & SOFFEN, NEW YORK, NY 10036-8403 |
| **Date Sgnd/Ack** | Feb 17, 2006 |
| **Date Recorded** | Sep 21, 2006 |
| **Brief** | ASSIGNS THE ENTIRE INTEREST |

| | | |
|---|---|---|
| **Action History** | Mar 30, 2007 | REGISTERED AND RENEWED (FIRST RENEWAL - 10 YRS) |
| | Mar 30, 2007 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED |
| | Mar 26, 2007 | ASSIGNED TO PARALEGAL |

```
Jan 8, 2007    REGISTERED - COMBINED SECTION 8 (10-YR) &
SEC. 9 FILED
Jan 8, 2007    PAPER RECEIVED
Dec 7, 2006    CASE FILE IN TICRS
Sep 27, 2006   ASSIGNMENT OF OWNERSHIP NOT UPDATED
AUTOMATICALLY
Sep 15, 2006   CANCELLATION TERMINATED NO. 999999
Sep 15, 2006   CANCELLATION DISMISSED NO. 999999
Sep 6, 2006   ATTORNEY REVOKED AND/OR APPOINTED
Sep 6, 2006   TEAS REVOKE/APPOINT ATTORNEY RECEIVED
Sep 6, 2006   AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP
Aug 30, 2006   AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP
Aug 23, 2006   AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP
Mar 23, 2006   CANCELLATION INSTITUTED NO. 999999
Jul 31, 2003   REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC.
15 ACK.
May 12, 2003   REGISTERED - SEC. 8 (6-YR) & SEC. 15 FILED
May 12, 2003   PAPER RECEIVED
May 27, 1997   REGISTERED-PRINCIPAL REGISTER
Mar 4, 1997   PUBLISHED FOR OPPOSITION
Jan 31, 1997   NOTICE OF PUBLICATION
Dec 27, 1996    APPROVED FOR PUB - PRINCIPAL REGISTER
Dec 20, 1996    EXAMINER'S AMENDMENT MAILED
Oct 29, 1996    CORRESPONDENCE RECEIVED IN LAW OFFICE
Jul 19, 1996   NON-FINAL ACTION MAILED
Jul 15, 1996   ASSIGNED TO EXAMINER
```

   

Home    Search    Help    List

Exhibit E

T/4700-34

## COMBINED DECLARATION OF USE IN COMMERCE AND APPLICATION FOR RENEWAL OF REGISTRATION OF A MARK WITH DECLARATION

Mark          :    **INTERSEARCH**

Reg. No.      :    2,064,772

Date          :    May 27, 1997

Class No.     :    35

## TO THE COMMISSIONER FOR TRADEMARKS:

InterSearch Group, Inc.
[Registrant name]

Florida
[State or country of incorporation]

222 Kearny Street, Suite 550, San Francisco, California 94108
[Registrant Business Address]

The above-identified applicant for renewal requests that the above-identified registration, granted to it its predecessor-in-interest on May 27, 1997, and obtained by assignment, as shown by records in the Patent and Trademark Office, be renewed in accordance with the provisions of Section 9 of the Act of July 5, 1946.

The mark shown in said registration is currently in use in commerce in connection with the "**business marketing consulting services, market research services, conducting consumer surveys**" which are recited in the registration, the attached specimen showing the mark as currently used.

**Please delete "conducting business and consumer conferences and seminars in the above-mentioned fields" from the registration.**

The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of this application, declares that all statements made in this application of his/her own knowledge are true and all statements made on information and belief are believed to be true.

The renewal fee is enclosed herewith.

{00805208.1}

## POWER OF ATTORNEY

The undersigned hereby appoints customer no. 2352, OSTROLENK, FABER, GERB & SOFFEN, LLP and the members of the firm: Samuel H. Weiner, Robert C. Faber, Max Moskowitz, James A. Finder, William O. Gray, III, Louis C. Dujmich, Charles P. LaPolla, Douglas A. Miro and Peter S. Sloane, all members of the Bar of the State of New York, with offices at 1180 Avenue of the Americas, New York, New York, 10036-8403, (212) 382-0700, its attorneys to prosecute this application for renewal with full power of substitution and revocation and to transact all business in the Patent and Trademark Office in connection therewith. Please address all correspondence to:

Peter S. Sloane, Esq.
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, NY 10036-8403
Customer No. 2352

**INTERSEARCH GROUP, INC.**

By: _Daniel O'Donnell_

Name: _DANIEL O'DONNELL_

Title: _CEO_

Date: _12/20/2006_

[00805208.1]

Financial Services Professional and Technical Consulting Services - InterSearch Corporate Services, Inc.    Page 1 of 1

# Inter)Search Corporate Services, Inc.

an InterSearch Group Company

- Home
- Who We Are
- What We Do
- Careers
- Contact Us



## What Our Clients Say

"I have to give InterSearch Corporate Services credit for assembling the right team for this job and then providing the follow through and client support to make sure everything happened." — Calpers

"InterSearch Corporate Services really understood our situation before advising any change." — Wells Fargo

InterSearch Corporate Services provides professional and technical solutions to the financial services industry. Focusing on operations efficiency and technology, we deliver strategic and tactical subject matter expertise to leading financial institutions. A key element to our success is our ability to identify specialized resources within narrow skill requirements. Our expertise cuts across business and technology. InterSearch Corporate Services is your Partner for Success.

Want to learn more? Contact Us

Home | Site Map | Contact Us

Copyright © 2002-2006 InterSearch Corporate Services, Inc. --- All Rights Reserved

Exhibit F



**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

REGISTRATION NO: 2064772    SERIAL NO: 75/068746    MAILING DATE: 03/30/2007
REGISTRATION DATE: 05/27/1997
MARK: INTERSEARCH
REGISTRATION OWNER: INTERSEARCH GROUP, INC.

**CORRESPONDENCE ADDRESS:**
PETER S. SLOANE
OSTROLENK, FABER, GERB & SOFFEN LLP
1180 AVE OF THE AMERICAS
NEW YORK, NY 10036

## NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE
REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
## NOTICE OF RENEWAL
15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE
REQUIREMENTS OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1059.

**ACCORDINGLY, THE REGISTRATION IS RENEWED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):**
035.

LOGAN, TAMMY
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

**PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION**
ORIGINAL

**REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION**

I) SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**

II) SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

Exhibit G

# REISS, EISENPRESS & EISENBERG

### ATTORNEYS AT LAW

### 425 MADISON AVENUE

### NEW YORK, NEW YORK 10017-1110

### TELEPHONE (212) 753-2424

### FAX (212) 753-3829

### mail@reisseisen.com

HOWARD R. REISS

SHERRI L. EISENPRESS

LLOYD M. EISENBERG

——————

RUYA CARTON

MATTHEW SHEPPE
(of counsel)

AUDREY E. WEINBERGER
(not yet admitted)

LONG ISLAND OFFICE:
2631 MERRICK ROAD
SUITE 401
BELLMORE, NY 11710
(516) 221-3700

March 30, 2005

**BY OVERNIGHT DELIVERY**

Mr. Dan O'Donnell
President and Chief Executive Officer
Intersearch Group
250 Montgomery Street
Suite 1200
San Francisco, CA  94104

       re:  <u>Trademark Infringement</u>

Dear Mr. O'Donnell:

This firm represents Conex Incorporated ("Conex"), an organization of executive search and human resource consulting firms and the owner of the "INTERSEARCH" trademark (Registration No. 2,346,993).  Your firm's ongoing use of the INTERSEARCH mark has caused and continues to cause Conex significant damage.

As you are aware, my client has attempted to resolve the matter of Intersearch Group's infringement of Conex's mark without resort to legal action, apparently to no avail.

Accordingly, I write to formally notify you that unless a satisfactory resolution of this matter is reached by April 6, 2005, Conex will be left no alternative other than the commencement of litigation for trademark infringement and the assertion of claims for damages, costs and attorneys fees.

I look forward to your prompt response.

Very truly yours,

Sherri L. Eisenpress

cc: Mr. Fred Siegel

SLE/aj

Exhibit H

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

June 20, 2005

Writer's Direct Contact
415/268-6810
RTarlton@mofo.com

By Telefacsimile and U.S. Mail

Dan O'Donnell
President and Chief Executive Officer
InterSearch Group
250 Montgomery Street, Suite 1200
San Francisco, CA 94104

Re:    Infringement of INTERSEARCH® mark

Dear Mr. O'Donnell:

Morrison & Foerster LLP now represents Conex Incorporated ("Conex") in connection with the InterSearch Group's infringing use of the INTERSEARCH® mark. We write to you directly because we are not aware whether you have retained counsel with respect to this matter. If you have retained counsel, please let us know the name of the attorney so that we can direct future correspondence to his or her attention.

As you know, our client owns federal registrations for the INTERSEARCH® mark, including U.S. Registration Nos. 1,125,849, 2,531,787 and 2,346,993, and has been using that mark in connection with executive recruitment services both in the U.S. and abroad for a number of years. The InterSearch Group has adopted the identical mark in connection with, among other things, executive staff recruiting and corporate search services — *the same services offered by Conex in connection with the mark*. The InterSearch Group's conduct demonstrates that it intends to falsely suggest a connection with Conex and its services under the INTERSEARCH® mark and to misappropriate the substantial good will associated with the mark. Such conduct constitutes trademark infringement, and will not be tolerated by Conex. *See* 15 U.S.C. § 1114 (use of another's trademark in a way that is likely to cause confusion constitutes infringement).

Indeed, in light of the InterSearch Group's conduct, it is not surprising that Conex has evidence of actual confusion, including a phone call from a potential client who mistakenly believed that the InterSearch Group's San Francisco office was affiliated with Conex. Evidence of actual confusion is strong proof of the fact of a likelihood of confusion and thus

sf-1950993

**MORRISON | FOERSTER**

Dan O'Donnell
June 20, 2005
Page Two

of trademark infringement. *See* J. Thomas McCarthy, <u>McCarthy on Trademarks and Unfair Competition</u> § 23:13.

Our client has previously notified you of the InterSearch Group's unlawful conduct and has repeatedly expressed a willingness to discuss this issue further. Our client is dismayed at your continued failure to respond, including failing to show up at a scheduled meeting in San Francisco with Fred Siegel, the President and CEO of Conex — a meeting that required Mr. Siegel to stay an extra night on the West Coast. This failure to respond coupled with the continued use of the mark is indicative not only of infringement but of *willful* infringement, subjecting you to damages and attorneys' fees. *See generally McClaren v. Plastic Industries, Inc.*, 97 F.3d 347, 364 (9th Cir. 1996); 15 U.S.C. § 1114.

Our client has made clear to you that it is willing to work with you to resolve this matter. But because our client is understandably concerned with your prior failure to respond, the opportunity to explore a resolution is of limited duration. To that end, please contact me immediately to discuss this matter. If we do not hear from you by July 1, 2005, we will have no alternative but to advise our client to take all necessary and appropriate steps to protect its rights.

This letter is not intended to be a recitation of all of the facts pertaining to this matter or all of Conex's potential claims. Accordingly, nothing in this letter should be construed as a waiver of any rights by Conex, all of which are expressly reserved

Sincerely,

Rosemary S. Tarlton

cc: Conex Incorporated

Exhibit I

# AGREEMENT

THIS TRADEMARK SETTLEMENT AGREEMENT ("Agreement") is by and between Conex Incorporated Corp., ("Conex"), a New York corporation with its principal place of business at 950 Third Avenue, New York, NY 10022, and InterSearch Group, Inc., ("InterSearch Group"), a Florida corporation with its principal place of business at 250 Montgomery Street, Suite 1200, San Francisco, CA 94104 (referred to collectively as the "Parties" and individually as a "Party").

WHEREAS, Conex is the sole owner of all rights, title and interest in and to the trademark INTERSEARCH, United States Trademark Registration No. 2531787 for goods and services in International Class 35 identified as "on-line executive search and human resources consultation services featuring information regarding salary, posting of resumes, searches for candidates, global matching of candidates and employers," United States Registration No. 2346993 for goods and services in International Class 35 identified as "personnel placement and recruitment," and United States Registration No. 1125849 for goods and services in International Class 35 identified as "employee information services, specifically evaluation of qualifications, skills, interests of prospective job applicants, matching same with listings of job opportunities provided by employers, and providing biographical data of likely candidates to employers" (collectively "Marks");

WHEREAS, InterSearch Group has adopted INTERSEARCH as a mark in connection with, among other things, employment consulting services;

WHEREAS, a dispute has arisen involving the use by InterSearch Group of INTERSEARCH; and

WHEREAS, the parties hereto, without admitting or conceding any fault or liability, desire to reach a full and final compromise and settlement of any and all disputes or claims existing or that might exist between Conex, on the one hand, and

InterSearch Group, on the other hand, pertaining to the use of INTERSEARCH by InterSearch Group;

NOW, **THEREFORE,** for and in consideration of the promises set forth herein, the parties hereto agree as follows:

### AGREEMENT

1.      InterSearch Group shall pay to Conex the sum of fifty-thousand United States dollars ($50,000.00) within 3 business days after this Agreement has been executed by both Parties and the original thereof has been delivered to Conex's counsel, Morrison & Foerster LLP, to the attention of Rebekah Kaufman, Esq.

2.      Conex shall execute the assignment in the form attached hereto as Exhibit A within 10 business days after receipt of all payments due hereunder.

3.      Conex, and its representatives, assigns, and subsidiary and affiliate corporations, and their past and present officers, directors, shareholders, agents, employees, attorneys, successors and assigns do hereby completely release and forever discharge InterSearch Group, and its representatives, assigns, and subsidiary and affiliate corporations, and their past and present officers, directors, shareholders, agents, employees, attorneys, successors and assigns from any and all claims, causes of action, rights, demands, liabilities, and suits of any kind whatsoever, known or unknown, fixed or contingent, which Conex had, now has, or which may accrue in the future, based upon any act, omission, occurrence or event occurring prior to the date hereof, arising out of or in any way related to the Marks.

InterSearch Group, and its representatives, assigns, and subsidiary and affiliate corporations, and their past and present officers, directors, shareholders, agents, employees, attorneys, successors and assigns do hereby completely release and forever discharge Conex, its representatives, assigns, and subsidiary and affiliate corporations, and their past and present officers, directors, shareholders, agents, employees, attorneys,

successors and assigns from any and all claims, causes of action, rights, demands, liabilities, and suits of any kind whatsoever, known or unknown, fixed or contingent, which InterSearch Group had, now has, or which may accrue in the future, based upon any act, omission, occurrence or event occurring prior to the date hereof, arising out of or in any way related to the Marks.

4.    Each party acknowledges having been informed by an attorney of the provisions of Section 1542 of the Civil Code of the State of California, and hereby expressly waives and relinquishes all rights and benefits which he or she has or may have under that Section, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

5.    Nothing in this Agreement will be construed so as to impair any legal or equitable right of any party hereto to enforce any of the terms of the Agreement by any means, including without limitation an action for damages or a suit to obtain specific performance of any or all of the terms of this Agreement.  In the event of such an action, reasonable attorneys' fees and expert witness fees and expenses are recoverable by the prevailing party in addition to any other relief to which such party may be entitled.

6.    This Agreement, with the attached assignment, constitutes the entire agreement between the parties, superseding any and all previous oral or written representations, communications, understandings or agreements.  Any amendment to this Agreement must be in a writing specifically referring to this Agreement, and signed by duly authorized representatives of the parties hereto.

7.    Each party shall bear its own attorneys' fees and costs incurred in or arising out of in any way related to the matters herein, including, but not limited to, the preparation and execution of this Agreement.

8.      This Agreement shall inure to the benefit of the parties hereto, the successors and assignees of the marks mentioned in this Agreement, and each and all of their representatives, officers, directors, shareholders, partners, employees, agents, affiliates, and subsidiaries.

9.      Conex represents, warrants, and agrees that it has received prior independent legal advice from counsel of its choice with respect to the advisability of this settlement and this Agreement; and its corporate officers reviewing and executing the Agreement have been duly authorized and empowered to do so.

10.     InterSearch Group represents, warrants, and agrees that it has received prior independent legal advice from counsel of its choice with respect to the advisability of this settlement and this Agreement; and its corporate officers reviewing and executing the Agreement have been duly authorized and empowered to do so.

11.     The parties agree that this Agreement may be executed in counterparts.

12.     This Agreement is made under and shall be construed in accordance with the laws of the State of California, without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the laws of the State of California to the rights and duties of the Parties.

13.     The parties hereby warrant that each is fully entitled and duly authorized to complete its obligations hereunder.  The parties further warrant that there are not other persons or entities from whom (or from which) releases should be obtained in connection with the subject matter of this Agreement.  The parties agree that a breach of this representation and warranty would be deemed a material breach of the terms of this Agreement.

14.    In the event any one or more of the provisions of this Agreement shall for any reason be held to be invalid, illegal or unenforceable, then: (a) the illegal or unenforceable provision shall be replaced by a revised provision, which, being valid, comes closest to the intention of the parties underlying the invalid, illegal or unenforceable provision; and (b) the remainder of the Agreement will remain binding and in full force and effect.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed on the dates specified below.

CONEX INCORPORATED CORP.

Dated: August 23, 2005

Name: _Fred Viegel_____

Title: _President_____

INTERSEARCH GROUP, INC.

Dated: August 15, 2005

Name: _DANIEL O'DONNELL_____

Title: _CEO_____

# EXHIBIT A

## ASSIGNMENT

WHEREAS, Conex Incorporated Corp., a New York corporation, with offices at 950 Third Avenue, New York, NY 10022 ("ASSIGNOR") owns certain trademarks and/or service marks, and applications and/or registrations for such marks, as listed in Exhibit 1 attached hereto and incorporated herein by this reference ("MARKS"); and

WHEREAS, InterSearch Group, Inc., a Florida corporation, with offices at 250 Montgomery Street, San Francisco, CA 94104 ("ASSIGNEE"), desires to acquire all of the right, title and interest of ASSIGNOR in, to and under the MARKS, together with the goodwill of the business symbolized by the MARKS;

WHEREAS, ASSIGNOR and ASSIGNEE have entered into a certain Agreement dated August 23, 2005, among other things, assigning all right, title and interest in and to the MARKS and in and to the registrations and/or applications for same from ASSIGNOR to ASSIGNEE;

NOW, THEREFORE, in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration paid by ASSIGNEE to ASSIGNOR, the receipt and sufficiency of which hereby is acknowledged, ASSIGNOR does hereby sell, assign, transfer and convey unto ASSIGNEE its entire right, title and interest in and to the MARKS, and to the applications and/or registrations for the MARKS, together with the goodwill of the business symbolized by the MARKS and the portion of the business of the ASSIGNOR to which the MARKS pertain, including the right to sue and recover for any past infringement thereof.

IN WITNESS WHEREOF, ASSIGNOR has caused this Assignment to be duly executed by an authorized officer on this 23 day of August, 2005.

By: _____

Name: _____

Title: _____

## EXHIBIT 1

### MARKS

| COUNTRY | MARK | REG. NO. |
|---------|------|----------|
| United States | INTERSEARCH | 2531787 |
| United States | INTERSEARCH | 2346993 |
| United States | INTERSEARCH | 1125849 |

Exhibit J



**United States Patent and Trademark Office**

Home|Site Index|Search|Guides|Contacts|*e*Business|*e*Biz alerts|News|Help



Assignments on the Web > Trademark Query

## Trademark Assignment Details

**Reel/Frame:** 3222/0696                                                                   **Pages:** 3
**Received:** 09/15/2005                    **Recorded:** 09/12/2005
**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Total properties: 3**

**1**    **Serial #:** 73160959    **Filing Dt:** 03/06/1978    **Reg #:** 1125849    **Reg. Dt:** 10/09/1979
        **Mark:** INTERSEARCH

**2**    **Serial #:** 75679742    **Filing Dt:** 04/09/1999    **Reg #:** 2346993    **Reg. Dt:** 05/02/2000
        **Mark:** INTERSEARCH

**3**    **Serial #:** 76159800    **Filing Dt:** 11/06/2000    **Reg #:** 2531787    **Reg. Dt:** 01/22/2002
        **Mark:** INTERSEARCH

**Assignor**
**1**    CONEX INCORPORATED CORP.                                    **Exec Dt:** 08/23/2005
                                                                    **Entity Type:** CORPORATION
                                                                    **Citizenship:** NEW YORK

**Assignee**
**1**    INTERSEARCH GROUP, INC.
        250 MONTGOMERY STREET                                      **Entity Type:** CORPORATION
        SAN FRANCISCO, CALIFORNIA 94104                            **Citizenship:** FLORIDA

**Correspondence name and address**
        OSTROLENK, FABER ET AL.
        1180 AVENUE OF THE AMERICAS
        NEW YORK, NEW YORK 10036-8403

Search Results as of: 05/03/2007 12:04 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350.
v.2.0.1
Web interface last modified: April 20, 2007 v.2.0.1

| .HOME | INDEX| SEARCH | *e*BUSINESS | CONTACT US | PRIVACY STATEMENT

Exhibit K

Seed ᴵᴾ

December 19, 2006

Lorraine Linford
(206) 694-4826
LorraineL@SeedIP.com

**By Facsimile 415.962.9702**
**Confirmation By US Mail**

Mr. Dan O'Donnell                                    Without Prejudice
President, Chairmen and CEO of InterSearch Group Inc.
222 Kearny Street, Suite 550
San Francisco, CA 94108

Re:    Trademark Misappropriation, Infringement and Unfair Competition
       Seed IP Reference: 480243.801

Dear Mr. O'Donnell:

We represent Intersearch Worldwide Limited (ISww) in trademark matters. Information regarding our client may be found at www.Intersearch.org. As discussed in more detail on our client's website, the international partners and shareholders of ISww work on personnel recruitment and related services, in their respective countries. There is only one shareholder in each country, and each such shareholder is the exclusive licensee of our client's INTERSEARCH trademark in that country. Until August, 2005, Conex, Inc. was the U.S. licensee of our client

Fred Siegel, on behalf of Conex, executed an ISww Shareholders Agreement on May 23, 2003. A copy of relevant sections of that Shareholders Agreement, as well as the signature page containing Mr. Siegel's signature, are enclosed for your reference. Under the Shareholders Agreement, Conex acknowledged that the INTERSEARCH mark and logo were the property of ISww and were used only by permission by ISww. (Please see Section 4.1.) Furthermore, while Conex was required under the terms of the Agreement to take reasonable steps to protect the INTERSEARCH mark in the U.S. at its own expense, the Agreement makes it clear that such steps were taken for and on behalf of ISww. (Please see Section 4.2.) As noted in Section 7 of the Agreement, Conex acknowledged that "for the avoidance of doubt the intellectual property in the trading name, style, mark and logo "InterSearch" belongs to the company. The Members are duly authorized in accordance with this agreement to use the name, style, mark and logo for so long as they remain Members of the company. On termination of Membership, for whatever reason, the right to use the name, style, mark, logo and Internet domain name shall cease."

Although Conex registered the INTERSEARCH mark with the U.S. Patent and Trademark Office in its name, Conex subsequently agreed that the mark and registrations should be owned by ISww, and expressly acknowledged ISww's ownership of the mark by executing the Shareholders Agreement. As such, Conex was obligated to assign U.S. trademark registrations 2,531,787. 2,346,993, 1,125,849 to ISww. Furthermore, Conex's use of the INTERSEARCH mark and all rights associated therewith inured to our client's benefit, such that our client is the rightful owner of the common law rights developed by Conex's use of the mark on the relevant services.

It has recently come to our clients' attention that contrary to Conex's obligations under the Shareholders Agreement, it assigned our client's INTERSEARCH mark, and the three associated US trademark registrations, namely, registration numbers 2,531,787. 2,346,993,

Seed Intellectual Property Law Group PLLC

address 701 Fifth Avenue
Suite 5400
Seattle, WA 98104
phone 206.622.4900
simile 206.682.6031
white SeedIP.com

Mr. Dan O'Donnell                                                          480243.801
December 19, 2006
Page 2

1,125,849, to InterSearch Group. As a licensee only of the INTERSEARCH mark, Conex did not have the right to assign the three US trademark registrations and the associated mark and goodwill, to your company.

It appears from a review of your website located at www.InterSearch.com, that InterSearch Group adopted the InterSearch name in November 2004, long after our client's licensee, Conex, began using the INTERSEARCH mark on the personnel placement, recruitment and other services identified in the three registrations misappropriated by Conex and assigned to InterSearch Group. Our client therefore has prior rights to the INTERSEARCH mark for such services.

It has recently come to our client's attention that you are using the INTERSEARCH mark in connection with services that are directly competitive with those of ISww. Such use falsely creates the impression that InterSearch Group is affiliated with our client, and is likely to result in consumer confusion. As such, your use of the INTERSEARCH mark in connection with such services infringes our client's mark, in violation of state and federal trademark and unfair competition laws. If the infringement is willful, InterSearch Group may be liable for increased damages and attorney's fees. To the extent that you were aware of Conex's relationship with ISww, we also believe that your acquisition of the trademark registrations from Conex may constitute an intentional interference with our client's contractual relationship with Conex.

We therefore require, on behalf of our client, that InterSearch Group assign the three US trademark registration numbers 2,531,787, 2,346,993, 1,125,849, to ISww; delete the employment related services from its US Trademark Application Serial No. 76/658,774; and agree to refrain from using or registering the mark in connection with such services. As it appears that InterSearch Group's primary business is concerned with internet search engine services, customized internet searching for others, computer consultation in the field of information technology, and related services, we believe that an amicable resolution of this situation should be possible. We therefore look forward to receiving a favorable response within ten days of receipt of this letter. If we are unable to reach an amicable resolution, please note that our client will oppose your pending Application No. 76/658,774, and will be forced to take further legal action to enforce its rights.

Very truly yours,
Seed IP Law Group PLLC

Lorraine Linford

Enclosures:
    Copy of relevant sections of the ISww Shareholders Agreement
    Signature page containing Mr. Fred Siegel's signature

879929_1.DOC

# SECTION 1
# INTERSEARCH (WORLDWIDE) LIMITED

# SHAREHOLDERS AGREEMENT
# (FIRST SCHEDULE)

## ASSOCIATION

4.1   Each Member acknowledges that the name "InterSearch" and logo "InterSearch", or any other designation are the property of InterSearch, and may be used only by permission of InterSearch and as directed by the Board of Directors and the By-laws.

4.2   Each Member shall, at its own expense take all reasonable steps to protect the name "InterSearch" and the logo "InterSearch" in the territory in which the Member conducts its business, provided always that such steps are taken for and on behalf of InterSearch.

4.3   Any Shareholder seeking to open an office outside its existing InterSearch jurisdiction and wishing to use the InterSearch brand, should first gain authorisation from the Board who will act in the best interests of the whole membership when and if granting such a licence.

4.4   In the event that a Shareholder's business is acquired, merged, split between the existing owners, or is reconstructed in any way that may affect the working relationship between the Shareholder and the other InterSearch Shareholders, the Board may review the Shareholder's new corporate structure, terminate the existing agreement if it is not considered to be in the best interests of the other Shareholders and / or create a new agreement between another party or parties who appear to offer the greatest benefit to the other InterSearch Shareholders.  Such a change will require a 75% majority vote from the Shareholders.

4.5   Any merger or creation by one InterSearch Shareholder of an office in another jurisdiction where there is no other InterSearch presence shall

## INTELLECTUAL PROPERTY

7  For the avoidance of doubt the intellectual property in the trading name, style, mark and logo "InterSearch" belongs to the company. The Members are duly authorised in accordance with this agreement to use the name style, mark and logo for so long as they remain Members of the company. On termination of Membership for whatever reason, the right to use the name, style, mark, logo and Internet domain name shall cease.

## INTERSEARCH IS NOT A RECRUITMENT CONSULTANCY

8.1  InterSearch does not provide professional services of any kind and shall not be an organization engaged in the practice of personnel recruitment, selection or consulting or any other professional services to the public, the Shareholder firms, or any other party. Each Member is responsible for the professional work, duties, responsibilities and liabilities arising from any contract, referral, or other assignment performed or undertaken by it or its associates.

8.2  Each Member hereby indemnifies and agrees to hold InterSearch harmless from any cost, fee, loss, expense, damages, or other negative consequence which, in the reasonable opinion of the Board of Directors arises either directly or indirectly as a result of that Member's actions or inactions.