Robert C. Faber (RF 7020)
Peter S. Sloane (PS 7204)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036-8403
Telephone: (212) 382-0700
Facsimile: (212) 382-0888

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
INTERSEARCH GROUP, INC.,                                       :
                                                               :
                           Plaintiff,                          :   Civil Action No. 07 CV 3545
                                                               :        (DAB)(KNF)
         v.                                                    :
                                                               :
INTERSEARCH WORLDWIDE LIMITED and                              :
COOK ASSOCIATES, INC.,                                         :
                                                               :
                           Defendants.                         :
                                                               :
---------------------------------------------------------------x

## FIRST AMENDED COMPLAINT

InterSearch Group, Inc. ("Plaintiff"), by and through its attorneys Ostrolenk, Faber, Gerb & Soffen, LLP, hereby complains of the activities of Defendants Intersearch Worldwide Limited and Cook Associates, Inc. (collectively "Defendants"), as follows:

## PARTIES

1.  Plaintiff is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 222 Kearny Street, Suite 550, San Francisco, California 94108.

2.  Upon information and belief, Defendant Intersearch Worldwide Limited ("Interseach Worldwide"), is a corporation organized and existing under the laws of the United

{00871404.1}

Kingdom, with its address at The Old Councel Chambers, Halford Street, Tamworth, Staffordshire, B79 7RB, United Kingdom.

3. Upon information and belief, Defendant Cook Associates, Inc. ("Cook Associates"), is a corporation organized and existing under the laws of the State of Illinois, having its headquarter offices at 212 W. Kinzie Street, Chicago, Illinois 60610.

## JURISDICTION

4. This Court has personal jurisdiction over Defendants because, based on information and belief, they have transacted business in the State of New York and in this District.

5. Upon information and belief, this Court also has personal jurisdiction over Cook Associates because it resides and/or transacts business in the State of New York and in this District.

6. Upon information and belief, Cook Associates is registered with the New York State Department of State as a foreign business corporation. A printout from the web site of NYS Department of State is attached as Exhibit A.

7. Upon information and belief, Cook Associates has offices located at 566 Lexington Avenue, 10th Floor, New York, New York 10022. A printout from Cook Associates' web site is attached as Exhibit B.

8. Counts I and II arise under the trademark laws of the United States and seek relief, *inter alia*, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual justiciable controversy exists within this jurisdiction between Plaintiff and Intersearch Worldwide regarding Plaintiff's alleged violation of Intersearch Worldwide's purported trademark rights. This

action further arises under the Lanham Act, 15 U.S.C. § 1051, et. seq. Therefore, this Court has original jurisdiction over this Count pursuant to 28 U.S.C. § 1338(a).

9. The subject matter jurisdiction of this Court over Counts III and IV rests upon causes of action arising under the Trademark Act of 1946 (as amended), 15 U.S.C. §§ 1051 et seq. Therefore, this Court has original jurisdiction over these Counts pursuant to 28 U.S.C. § 1338(a).

10. Count V is joined as a substantial and related claim and, accordingly, subject matter jurisdiction for this Count is conferred upon this Court pursuant to 28 U.S.C. § 1338(b) and the doctrine of pendent jurisdiction.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

**A.     Plaintiff InterSearch Group, Inc. and its Various Businesses**

**I.     Plaintiff and its Internet Search Services Business**

12. Since at least as early as November 2004, Plaintiff has used its name and the mark INTERSEARCH for providing Internet search services and related activities.

13. Plaintiff provides Internet search services through a combination of traffic aggregation and proprietary web sites.

14. Plaintiff operates in various areas of Internet commerce, including paid search, direct navigation, and online marketing, driving high quality traffic to advertisers and providing users with quick access to pertinent products.

15. Plaintiff maintains an Internet web site at www.intersearch.com where it promotes and advertises its search services. Printouts from its web site are attached as Exhibit C.

16. Plaintiff has spent a substantial amount of time and resources in promoting services under the name and mark INTERSEARCH.

17. Plaintiff has made significant sales of services under the name and mark INTERSEARCH. In 2006, Plaintiff had revenue exceeding $25 million.

18. Plaintiff is a publicly traded company with its shares listed on the American Stock Exchange under the symbol IGO.

19. As a result of its widespread use, the INTERSEARCH name and mark has acquired substantial consumer goodwill and it represents a valuable asset for Plaintiff.

20. On May 21, 2005, Plaintiff filed an application to register the mark INTERSEARCH with the U.S. Patent and Trademark Office under official serial number 78/591,286 (hereinafter referred to as the "Application"). A copy of the Application is attached as Exhibit D. The application covers, among other things, internet search engine services in International Class 42.

21. The Application has been approved for publication by the Examining Attorney in the U.S. Patent and Trademark Office and published without opposition from third parties.

### II.  Plaintiff and its Corporate Services Business

22. Plaintiff provides Internet technology professional services in the areas of information technology and search engine marketing to companies primarily in the financial services industry.

23. Plaintiff helps its clients achieve higher efficiency and performance, as well as lower operating costs, by ensuring that they have the proper employees, technologies and processes.

24. Since at least as early as January 2002, Plaintiff has provided professional consultation, staff augmentation and training services to its clients.

25. Plaintiff provides rigorous employment screening searches for its clients. Candidates selected by Plaintiff are of high caliber with specialized backgrounds and confirmed credentials.

26. Mandatory screening provided by Plaintiff includes a check of relevant project specific employment references, a criminal background check, education verification, a credit report check, social security verification and driving record verification.

27. Upon request, Plaintiff screens candidates for professional license and credentials verification, professional liability insurance verification, drug use and sex offender registry status.

28. Plaintiff actively promotes its services through its Corporate Services business through its Internet web site located at www.corp.intersearch.com. A printout of the home page is attached as Exhibit E.

29. Plaintiff owns, by assignment, U.S. Registration No. 2,064,772 of the mark INTERSEARCH (hereinafter referred to as the " '772 Registration"). A printout of the '772 Registration showing title in the name of Plaintiff is attached as Exhibit F.

30. The '772 Registration covers business marketing consulting services, market research services and conducting consumer surveys. It is active, subsisting and in full force and effect.

31. Plaintiff has recently filed an application to renew the '772 Registration. A copy of the renewal application (hereinafter referred to as the "Renewal Application") with its specimen of use is attached as Exhibit G.

32. The U. S. Patent and Trademark Office has accepted the Renewal Application. A copy of the Notice of Acceptance is attached as Exhibit H.

33. The '772 Registration evidences Plaintiff's exclusive right to use the mark INTERSEARCH for the services named therein.

### III. Plaintiff and its Dispute with Conex over Rights to the mark INTERSEARH for Executive Search and Human Resource Services

34. By letter dated March 30, 2005, a company named Conex Incorporated (hereinafter referred to as "Conex"), through its attorneys at the law firm of Reiss, Eisenpress & Eisenberg in New York, sent a demand letter to Plaintiff alleging trademark infringement in connection with use of the mark INTERSEARCH for executive search and human resource services. A copy of the letter is attached as Exhibit I.

35. Following receipt of the letter shown in Exhibit I, Plaintiff and Conex discussed, but did not resolve, the dispute.

36. Upon information and belief, Conex retained new counsel to help it resolve the dispute with Plaintiff. By letter dated June 20, 2005, Conex, through the law firm of Morrison & Foerster LLP in San Francisco, sent a further demand letter to Plaintiff. A copy is attached as Exhibit J.

37. The demand letter shown in Exhibit J expressly stated that Conex owned federal registrations for the INTERSEARCH mark including U.S. Registration Nos. 1,125,849,

2,531,787 and 2,346,993 (hereinafter collectively referred to as the "Registrations") and that it had been using that mark in connection with executive recruitment services.

38.  Conex had previously informed Plaintiff that Conex wished to sell the mark INTERSEARCH to others and that the activities of Plaintiff hampered that effort. Conex and Plaintiff subsequently amicably resolved their dispute by an agreement for Plaintiff to purchase the rights of Conex in the mark INTERSEARCH.

39.  Conex and Plaintiff entered into a written settlement agreement in August of 2005 (hereinafter referred to as the "Agreement"). A copy of the Agreement is attached as Exhibit K.

40.  Under the Agreement, Conex represented that it is the sole owner of all right, title and interest in the mark INTERSEARCH in the Registrations.

41.  Plaintiff had no reason to doubt that Conex owned all right, title and interest in the mark INTERSEARCH in the Registrations since, among other things, Conex was the record owner of the Registrations and was represented by a well-known national law firm in negotiating the Agreement.

42.  The Agreement included an assignment of the Registrations as Exhibit C thereto ("the Assignment"). As a bona fide purchaser, Plaintiff promptly recorded the Assignment in the Assignment Branch of the U.S. Patent and Trademark Office at Reel 3222, Frame 0696 on September 12, 2005. A printout from the web site of the Assignment Branch of the U.S. Patent and Trademark Office is attached as Exhibit L.

43.  Based, in part, upon the representations made by Conex, the reputation of its counsel, the file history with the U.S. Patent and Trademark Office and the recorded Assignment of the Registrations from Conex to Plaintiff, Plaintiff has continued in good faith to use the name and

{00871404.1}
-7-

mark INTERSEARCH for providing professional consultation, staff augmentation and training services.

**B. Intersearch Worldwide and its Claimed Rights in the mark INTERSEARCH for Executive Search and Human Resource Services**

44. Upon information and belief, Intersearch Worldwide is an organization that provides links on the internet to the web sites of executive search and human resource consulting firms located in various countries around the world.

45. Upon information and belief, Intersearch Worldwide provides its Internet linking services through the web site at www.intersearch.org.

46. Upon information and belief, Intersearch Worldwide has never registered or applied to register its name or mark INTERSEARCH in the United States.

47. Upon information and belief, Intersearch Worldwide has not taken the requisite steps to protect its name or mark INTERSEARCH in the United States.

48. On December 19, 2006, Intersearch Worldwide, through its attorneys, sent a letter to Plaintiff, alleging that Conex was a licensee of Plaintiff and that Conex had no right to assign the Registrations to Plaintiff. A copy of the letter is attached as Exhibit M.

49. In the letter shown in Exhibit M, Intersearch Worldwide alleges that Plaintiff adopted the name InterSearch long after Conex began using the INTERSEARCH mark on personnel, placement, recruitment and the other services (hereinafter collectively referred to as the "Services") identified in the Registrations and that, as a result, U.K. Defendant has prior rights to the INTERSEARCH mark for such services.

50. In the letter shown in Exhibit M, Intersearch Worldwide further alleges that Plaintiff's use of the mark INTERSEARCH in connection with the Services infringes the rights of

Intersearch Worldwide in violation of state and federal trademark and unfair competition laws. The letter demands, among other things, that Plaintiff assign the Registrations to Intersearch Worldwide and agree to refrain from using and registering the mark in connection with the Services.

51. Since receiving the letter shown in Exhibit M, Plaintiff has tried without success to resolve the instant dispute with Intersearch Worldwide.

52. Intersearch Worldwide continues to insist that Plaintiff assign the Registrations and discontinue using and registering the name and mark INTERSEARCH for the Services.

53. On or about September 7, 2007, Intersearch Worldwide filed a Complaint for federal unfair competition and related causes of action against Plaintiff in the United States District Court for the Northern District of California under civil action number C 07 4634. A copy of the Complaint is attaches as Exhibit N.

C. **Cook Associates and its Use of the mark INTERSEARCH for Executive Search and Human Resource Services**

54. Upon information and belief, Cook Associates is the exclusive agent of Intersearch Worldwide in the United States.

55. Cook Associates presently holds itself out as the exclusive United States representative of Intersearch Worldwide on its Internet web site at www.cookassociates.com. A printout of the web page is attached as Exhibit O. The web page includes a link to Intersearch Worldwide's Internet web site at www.intersearch.org.

56. Intersearch Worldwide identifies Cook Associates as its U.S.A. location on its Internet web site at www.intersearch.org. A copy of this web page is attached as Exhibit P.

57. Upon information and belief, Intersearch Worldwide has granted a license to Cook Associates to use the mark INTERSEARCH in the U.S. for executive search services and human resource consulting.

## COUNT I

## DECLARATORY JUDGMENT OF TRADEMARK OWNERSHIP

58. Plaintiff repeats and realleges the averments contained in Paragraphs 1 through 57 of this Complaint as if fully set forth herein again.

59. This is a claim for declaratory judgment that Plaintiff is the owner of the mark INTERSEARCH in U.S. Registration Nos. 1,125,849, 2,531,787 and 2,346,993 for the services covered therein, having legitimately acquired all right, title and interest thereto from Conex.

60. Before filing the original Complaint in this civil action, Plaintiff suffered a reasonable apprehension that it would be sued for trademark infringement and related causes of action if it continues to use and register the mark INTERSEARCH for employment related services.

61. After filing the original Complaint in this civil action, Intersearch Worldwide brought suit against Plaintiff, claiming that Intersearch Worldwide is the true owner of the mark INTERSEARCH for executive search and human resource services.

62. By reason of the foregoing, Plaintiff has been threatened with damage by Intersearch Worldwide in the manner set forth above and will continue to be threatened with damage unless a declaratory judgment issues precluding Intersearch Worldwide from continuing suit against Plaintiff based upon the aforesaid acts.

63. Plaintiff has no adequate remedy at law.

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

64. Plaintiff repeats and realleges the averments contained in Paragraphs 1 through 57 of this Complaint as if fully set forth herein again.

65. This is a claim for declaratory judgment that Plaintiff's use of the name and mark INTERSEARCH for providing professional consultation, staff augmentation and training services as alleged above do not infringe and have never infringed any trademark rights purportedly owned by Intersearch Worldwide in the mark INTERSEARCH.

66. By reason of the foregoing, Plaintiff is being threatened with damage by Intersearch Worldwide in the manner set forth above and will continue to be threatened with damage unless a declaratory judgment issues precluding Intersearch Worldwide from continuing to sue Plaintiff based upon the aforesaid acts.

67. Plaintiff has no adequate remedy at law.

## COUNT III

## TRADEMARK INFRINGEMENT

68. Count III is for infringement of Plaintiff's registered trademark INTERSEARCH arising under Section 32 of the Lanham Act (as amended), 15 U.S.C. §1114.

69. Plaintiff repeats and realleges the averments contained in Paragraphs 1-57 of this Complaint as if fully set forth herein again.

70. Defendants are using the identical name and mark INTERSEARCH in U.S. commerce as previously used and registered by Plaintiff and the executive recruiting services provided by all the parties are the same or closely related.

71. The foregoing acts and conduct of Defendants are likely to cause confusion,

to cause mistake, and/or to deceive the public into believing that Defendants' services offered and sold under the name and mark INTERSEARCH are sold, authorized, endorsed, sponsored, licensed or approved by Plaintiff.

72.  The foregoing acts and conduct of Defendants constitute willful and deliberate infringement of Plaintiff's previously registered mark INTERSEARCH in violation of Section 32 of the Lanham Act (as amended), 15 U.S.C. §1114.

73.  By reason of the foregoing, Plaintiff is being irreparably damaged by Defendants' activities in a manner set forth above and will continue to be damaged unless Defendants are enjoined from continuing to commit the aforesaid acts.

74.  Upon information and belief, the aforesaid activities of Defendants have been committed in bad faith with willful disregard for Plaintiff's earlier registered trademark rights.

75.  Plaintiff has no adequate remedy at law.

## COUNT IV

## FEDERAL UNFAIR COMPETITION

76.  Count IV is for unfair competition under Section 43(a) of the Lanham Act (as amended), 15 U.S.C. §1125(a).

77.  Plaintiff repeats and realleges the averments contained in Paragraphs 1-57 of this Complaint as if fully set forth herein again.

78.  By reason of all the foregoing, Defendants are engaged in unfair competition with Plaintiff by misappropriating or attempting to misappropriate the mark INTERSEARCH and the goodwill and reputation associated therewith in a manner which is likely to deceive and confuse the public into mistakenly believing that the services offered and sold by Defendants are affiliated

{00871404.1}

-12-

with Plaintiff and its name and mark INTERSEARCH.

79. By reason of all the foregoing, Defendants are engaged in unfair competition with Plaintiff by misappropriating or attempting to misappropriate the mark INTERSEARCH and the goodwill and reputation associated therewith in a manner which is likely to deceive and confuse the public into mistakenly believing that the services offered and sold by Defendants under the name and mark INTERSEARCH originate with or are those of Plaintiff or are sponsored by, licensed by, endorsed by or are otherwise associated with Plaintiff.

80. By reason of all the foregoing, Plaintiff is being damaged by Defendants' activities in the manner set forth above and will continue to be damaged unless Defendants are enjoined from continuing to commit the aforesaid acts.

81. Upon information and belief, the aforesaid activities of Defendants have been committed in bad faith with willful disregard for Plaintiff's prior trademark rights.

82. Plaintiff has no adequate remedy at law.

## COUNT V

## STATE COMMON LAW UNFAIR COMPETITION

83. Count V is for unfair competition arising under the common law of the State of New York.

84. Plaintiff repeats and realleges the averments contained in Paragraphs 1-57 of this Complaint as if fully set forth herein again.

85. The foregoing conduct is likely to deceive and confuse the public into believing that Defendants and its services are those of Plaintiff or are sponsored by, licensed by, endorsed by or are otherwise associated with Plaintiff, thereby resulting in the misappropriation of

Plaintiff's prior name and mark INTERSEARCH and the goodwill and reputation which are associated therewith.

86.     By reason of all the foregoing, Plaintiff is being damaged by Defendants' activities in the manner set forth above and will continue to be damaged unless Defendants are enjoined from continuing to commit the aforesaid acts.

87.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A.     A declaration that Plaintiff is the owner of all right, title and interest in and to the trademark INTERSEARCH in U.S. Registration Nos. 2,531,787, 2,346,993 and 1,125,849 for the services covered therein.

B.     A declaration that Plaintiff's use of the name and mark INTERSEARCH for providing professional consultation, staff augmentation and training services through its InterSearch Corporate Services Division do not infringe any trademark rights owned by Intersearch Worldwide.

C.     That a permanent injunction be issued enjoining and restraining Defendants, their officers, agents, servants, employees and attorneys, and any persons or entities in active concert or participation with it and any successors in interest, from using in any manner the mark INTERSEARCH, or any mark confusingly similar mark, in connection with the offer to sell, sale, advertising and promotion of executive search services, human resource consulting and related activities in the U.S.

D.     That Defendants be ordered to deliver up for destruction to Plaintiff all unauthorized advertisements and promotional materials in their possession or under their control

bearing the mark INTERSEARCH pursuant to 15 U.S.C. § 1118.

E. For such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any services offered for sale or sold by Defendants under the name or mark INTERSEARCH are authorized by Plaintiff or related in any way to Plaintiff's services or its name or mark.

F. That Defendants be ordered to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' infringement of Plaintiff's registered mark INTERSEARCH and unfair competition and to account for all gains, profits and advantages derived by Defendants from the sale of services under the mark INTERSEARCH and that the award to Plaintiff be trebled for bad faith and willful infringement as provided for under 15 U.S.C. § 1117.

G. For an order directing that Plaintiff recover the costs of this action together with its reasonable attorneys' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

H. For an award to Plaintiff of such other and further relief as the Court may deem just and proper.

Dated: September 21, 2007
New York, New York

Respectfully submitted,

_____
Robert C. Faber
Peter S. Sloane

OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036-8403
Telephone: (212) 382-0700

Attorneys for Plaintiff