Brian McQuillen
Vanessa C. Hew
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1000
Fax: (212) 692-1020

Lorraine Linford (pro hac application to be filed)
Timothy L. Boller (pro hac application to be filed)
**SEED IP LAW GROUP PLLC**
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
Tel: (206) 622-4900
Fax: (206) 682-6031

ATTORNEYS FOR DEFENDANTS
INTERSEARCH WORLDWIDE, LTD.
COOK ASSOCIATES, INC.

Juris Kins (pro hac application to be filed)
**DAVIS McGRATH LLC**
125 S. Wacker Dr., Suite 1700
Chicago, Illinois 60606
Tel: (312) 332-3033
Fax: (312) 332-6376

ATTORNEYS FOR DEFENDANT
COOK ASSOCIATES, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | | |
|---|---|---|
| INTERSEARCH GROUP, INC. | : | Civil Action No. 07 CIV 03545 (DAB) (KNF) |
| Plaintiff, | : | |
| -against- | : | DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA |
| INTERSEARCH WORLDWIDE LTD. and COOK ASSOCIATES, INC. | : | |
| Defendants. | : | |
| | : | **ORAL ARGUMENT REQUESTED** |

------------------------------------------------------------X

**TABLE OF CONTENTS**

I.    Summary of Requested Relief and Argument ............................................................. 1

II.   Pertinent Facts .............................................................................................................. 5

    A.    IGO's Claims Have No Substantive Connection to New York......................... 5

    B.    IGO's Jurisdictional Allegations Are Insufficient to Establish Personal Jurisdiction Over InterSearch ............................................................ 7

    C.    Plaintiff IGO's Declaratory Judgment Complaint Was an Improper Anticipatory Filing.......................................................................................... 7

    D.    IGO's First Amended Complaint Adds Disfavored Customer-Type Claims in an Attempt to Avoid Dismissal of the Declaratory Complaint ........................................................................................................ 9

III.  IGO'S Claims Against InterSearch Should Be Dismissed Because Personal Jurisdiction Does Not Exist in New York ..................................................... 9

    A.    There Is No General Jurisdiction Under N.Y. C.P.L.R. Section 301 .............. 10

    B.    There Is No Specific Personal Jurisdiction Under N.Y. C.P.L.R. Section 302 ...................................................................................................... 11

    C.    This Case Should Be Dismissed and IGO Should Not Be Allowed to Engage in a Fishing Expedition Regarding InterSearch's Contacts with New York ....................................................................................... 13

IV.   The Court Should Dismiss IGO's First Amended Complaint or in the Alternative Order Any Remaining Claims Transferred to the Northern District of California.................................................................................................... 14

V.    An Award of Attorneys' Fees Is Proper in this Exceptional Case............................... 18

VI.   Conclusion .................................................................................................................. 19

# TABLE OF AUTHORITIES

## CASES

*Beacon Enterprises, Inc. v. Menzies,*
   715 F.2d 757 (2d. Cir. 1983) ................................................................. 10, 12

*Cybersell, Inc. v. Cybersell, Inc.,*
   130 F.3d 414 (9th Cir 1997) ....................................................................... 13

*Daniel v. American Bd. of Emergency,*
   428 F.3d 408 (2d Cir. 2005) ........................................................................ 17

*Diamond Supply Co. v. Prudential Paper Prod. Co.,*
   589 F. Supp. 470 (S.D.N.Y. 1984) .............................................................. 18

*Factors Etc., Inc. v. Pro Arts, Inc.,*
   579 F.2d 215 (2d Cir. 1978) ................................................................... 14, 16

*Fort Knox Music, Inc. v. Baptiste,*
   139 F. Supp. 2d 505 (S.D.N.Y.) (*Fort Knox III*), *appeal dismissed,* 257 F.3d
   108 (2d Cir. 2001) ............................................... 1, 9, 10, 11, 12, 14, 17

*Jazini v. Nissan Motor Co., Ltd.,*
   148 F.3d 181 (2d Cir. 1998) ........................................................... 10, 11, 13

*Koppell v. Levine,*
   347 F. Supp. 456 (E.D.N.Y. 1972) .............................................................. 14

*Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.,*
   918 F.2d 1039 (2d Cir. 1990) ..................................................................... 11

*McGowan v. Smith,*
   52 N.Y.2d 268 (1981) ................................................................................ 12

*Muller v. Olin Mathieson Chemical Corp.,*
   404 F.2d 501 (2d Cir. 1968) ....................................................................... 14

*Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.,*
   771 F.2d 521 (D.C. Cir. 1985) .................................................................... 18

*NSI Corp. v. Showco, Inc.,*
   843 F. Supp. 642 (D. Or. 1994) ............................................... 1, 14, 15, 16

*Panavision Intern., L.P. v. Toeppen,*
   141 F.3d 1316 (9th Cir 1998) ............................................................. 10, 13

*PDL Labs, Inc. v. Friedlander,*
   103 F.3d 1105 (2d Cir. 1997) ..................................................................... 10

*Pirone v. MacMillan, Inc.,*
   894 F.2d 579 (2d Cir. 1990) ....................................................................... 15

*Pollux Holding, Ltd. v. The Chase Manhattan Bank,*
   329 F.3d 64 (2d Cir. 2003) ......................................................................... 14

*Riviera Trading Corp. v. Oakley,*
  944 F. Supp. 1150 (S.D.N.Y. 1996) ........................................................... 15

*Smith v. Lincoln,*
  52 Misc. 2d 66, 275 N.Y.S.2d 74 (N.Y. Sup. 1966) ................................... 12

*Stephan v. Babysport, LLC,*
  - F. Supp. 2d -, No. 07-CV-00478, 2007 WL 2275221 at *3 (E.D.N.Y., August
  6, 2007)................................................................................................. 11, 12

*William Gluckin & Co. v. International Playtex Corp.,*
  407 F.2d 177 (2d Cir. 1969) ............................................................... 14, 15

## STATUTES

15 U.S.C. § 1117 ............................................................................ 5, 18, 19

18 U.S.C. § 2201 ................................................................................ 1, 19

28 U.S.C. § 1404(a) .................................................................................. 2

28 U.S.C. Section 1404(a) ........................................................................ 1

CPLR § 301 ..................................................................................... 10, 11

CPLR § 302 ..................................................................................... 11, 12

CPLR § 302(a) ................................................................................. 12, 13

CPLR § 302(a)(1) .................................................................................. 10

CPLR § 302(a)(3) .................................................................................. 10

## RULES

Fed. R. Civ. P. 12(b)(1) ...................................................................... 1, 19

Fed. R. Civ. P. 12(b)(2) ...................................................................... 1, 19

## I.    SUMMARY OF REQUESTED RELIEF AND ARGUMENT

Defendants InterSearch Worldwide, Ltd. ("InterSearch"), a United Kingdom Corporation, and Cook Associates ("Cook"), an Illinois Corporation, move to dismiss all of Plaintiff Intersearch Group, Inc.'s ("IGO") claims, pursuant to Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure, under the comity doctrine, or as an improper anticipatory filing pursuant to 18 U.S.C. Section 2201.  To the extent any claims are not dismissed outright, Defendants move to transfer, pursuant to 28 U.S.C. Section 1404(a), any claims that might remain to the Northern District of California, where an action between InterSearch and IGO is already pending and where Plaintiff IGO may pursue all of its claims.

Defendants' Motion should be granted because (i) personal jurisdiction does not exist over InterSearch in New York; (ii) IGO's anticipatory Complaint (hereinafter the "Declaratory Complaint") and First Amended Complaint naming Illinois-based Cook, constitute improper forum shopping by IGO; (iii) there is no substantial nexus between IGO's claims and the State of New York; and (iv) the Northern District of California, where <u>Plaintiff IGO</u> has it principal offices and witnesses, and where <u>no personal jurisdiction issues arise</u>, is a more appropriate forum for resolving the claims between the parties.

As an initial matter, Defendants note that the Court need not resolve the personal jurisdiction issues to dismiss this action or to order it transferred to the Northern District of California.  *See Fort Knox Music, Inc. v. Baptiste*, 139 F. Supp. 2d 505, 512 (S.D.N.Y.) (*Fort Knox III*), *appeal dismissed*, 257 F.3d 108 (2d Cir. 2001) ("transfer at this juncture is necessary to ensure that the Court and the parties do not expend even greater judicial resources in further addressing an issue collateral to the merits of the underlying dispute [personal jurisdiction] and which could be challenged on appeal."); *NSI Corp. v. Showco, Inc.*, 843 F. Supp. 642, 645 (D. Or. 1994) (dismissing declaratory complaint on comity grounds in favor of later-filed case on the merits).  This litigation has little or no nexus with the State of New York, other than that IGO's counsel is located in New York, and all of the pertinent factors favor litigation of IGO's claims in

1

the Northern District of California.   Thus, dismissal or transfer is appropriate even if IGO

somehow manages to make a *prima facie* showing of personal jurisdiction over InterSearch in

New York (IGO cannot make the required showing).   Dismissal is preferable to a transfer

because dismissal avoids any procedural issues that might arise in the Northern District of

California from a transfer.   IGO can simply bring its claims as counterclaims in the pending case

in San Francisco.   Nevertheless, Defendants request in the alternative that the Court exercise its

discretion under 28 U.S.C. Section 1404(a) and order any claims the Court might find are not

subject to dismissal  transferred to a much more appropriate forum, the Northern District of

California.

The following facts, which are set forth in more detail below, demonstrate that the

Declaratory Complaint was an improper anticipatory action brought without the existence of

personal jurisdiction over InterSearch in New York, and thus was subject to dismissal in its

entirety for lack of jurisdiction, and that the First Amended Complaint adds disfavored customer-

type claims (*i.e.*, claims against someone other than the real party in interest) and was filed <u>after</u>

InterSearch filed and served an action on the merits in California, for the sole purpose of

attempting to avoid a dismissal for forum shopping purposes.   Specifically:

1.   The real parties to this dispute are InterSearch and IGO, because the core of the
     dispute is whether InterSearch or IGO owns the rights to the INTERSEARCH
     mark.

2.   There is no personal jurisdiction in New York over InterSearch.

3.   The only apparent connection of IGO to New York is IGO's counsel.

4.   The basis for IGO's original Declaratory Complaint was a cease and desist letter
     InterSearch sent from <u>Seattle, Washington</u> to IGO in <u>San Francisco, California</u>
     (the "Seattle Demand Letter").

5.   More than four months after receiving the Seattle Demand Letter, and while
     settlement negotiations between InterSearch and IGO were ongoing, IGO filed the

Declaratory Complaint in New York, but did not serve it or advise InterSearch that it had been filed.

6.    The Declaratory Complaint contains no specific allegations of any New York activities by InterSearch.

7.    IGO finally served the Declaratory Complaint in late August, more than eight months after receiving the Seattle Demand Letter, but did not tell InterSearch it had been served and even made another settlement proposal after serving the Declaratory Complaint and requested a response to the settlement proposal.

8.    InterSearch filed an infringement action against IGO in the Northern District of California (Case No. 07-CV-04634-MEJ, the "California Complaint") on September 7, 2007, without knowledge that IGO had belatedly served the Declaratory Complaint.

9.    When InterSearch learned that the Declaratory Complaint had been served, it twice requested that IGO agree to litigate in San Francisco, where no personal jurisdiction issues exist and where IGO has its principal offices.

10.    IGO declined to accept InterSearch's offers to litigate this case in IGO's home forum.

11.    IGO knew that InterSearch was going to move to dismiss the Declaratory Complaint for lack of personal jurisdiction, and that its deadline for doing so was Monday, September 24, 2007.

12.    After 5:00 p.m. on Friday, September 21, 2007, IGO served, by hand delivery to InterSearch's local counsel in New York, the First Amended Complaint.

13.    The First Amended Complaint adds disfavored customer-type claims (i.e., claims against someone other than the real party in interest) against Cook. Cook appears to have been added solely because it happens to have an office in New York that subjects Cook to general jurisdiction in New York.

3

14.    The First Amended Complaint does not allege any specific activities by InterSearch or by Cook in New York that are related to IGO's claims or that would establish that personal jurisdiction over InterSearch in New York exists based on its relationship with Cook.

15.    All of IGO's claims can be brought in the case pending before the Northern District of California. InterSearch and Cook do not contend, and agree not to contend, that venue and personal jurisdiction are lacking in the Northern District of California. Yesterday afternoon, October 4, 2007, IGO moved to dismiss the California Complaint based upon its anticipatory filing of the Declaratory Complaint in this action.

16.    IGO's references to Conex do not give rise to personal jurisdiction in New York, or create a substantial nexus between IGO's claims and New York. Conex is not a party to this action or the action in California. Further, Conex and IGO entered into an agreement governed by California law (the "California Agreement"). IGO bases its assertions of ownership of the INTERSEARCH mark on the California Agreement. Moreover, as part of the California Agreement IGO released any claims against Conex based on Conex's New York activities.

Under such circumstances, Defendants' motion should be granted and the First Amended Complaint should be dismissed in its entirety on comity grounds to conserve judicial resources, to promote responsible attempts to settle business disputes without litigation, and to discourage parties from filing anticipatory actions and bringing customer-type claims for forum shopping purposes. Alternatively, any claims that might remain in this case should be transferred pursuant to 28 U.S.C. Section 1404 to a much more appropriate forum, the Northern District of California. Moreover, in view of IGO's unreasonable failure to agree to litigate this matter in California, and to instead force InterSearch to prepare two motions to dismiss (one for the Declaratory Complaint and one for the First Amended Complaint) and an opposition to IGO's motion to dismiss the California Complaint, Defendants submit that this is an exceptional case and move

for an award of attorney's fees and costs pursuant 15 U.S.C. § 1117 or as otherwise permitted by law.

In support of this motion, Defendants rely on IGO's Declaratory Complaint and First Amended Complaint, and submit the Declarations of Mr. Heinz-Dieter Hestermann and Ms. Lorraine Linford, as well as the exhibits attached thereto.

## II.    PERTINENT FACTS

### A.    IGO's Claims Have No Substantive Connection to New York

Plaintiff IGO is a Florida Corporation with a principal place of business at 222 Kearney Street, Suite 550, San Francisco, California 94108. Declaratory Complaint, ¶ 1; First Amended Complaint, ¶ 1. While IGO's counsel is from New York, this has no impact on the personal jurisdiction analysis, and has little or no impact on the selection of the appropriate forum.

Defendant InterSearch is a corporation organized under the laws of the United Kingdom with a place of business at The Old Counsel Chambers, Halford Street, Tamworth, Staffordshire B79 7RB, United Kingdom. Declaratory Complaint, ¶ 2. InterSearch is an organization of executive search and human resource consultancy firms from all over the world. InterSearch licenses its members and others to use InterSearch's INTERSEARCH marks under an agreement with its members (the "InterSearch Member Agreement"). InterSearch, through its licensees and predecessors-in-interest, has used the INTERSEARCH mark since at least as early as 1989. The InterSearch Member Agreement was not negotiated or drafted in New York, and was executed by the members of InterSearch in various places all over the world. The InterSearch Member Agreement specifies that it is to be governed by the laws of the United Kingdom and requires disputes to be resolved in the United Kingdom. InterSearch has never had a place of business, employees, phone numbers, bank accounts or other property in New York. Hestermann Decl., ¶¶ 2-6.

InterSearch is in the process of formalizing a license agreement with Cook. Hestermann Decl., ¶ 12. Cook's principal place of business is in Chicago. First Amended Complaint, ¶ 3.

The negotiations between Cook and InterSearch did not occur in New York. Hestermann Decl., ¶ 12. While Cook has an office in New York, IGO has not alleged any acts by Cook in New York giving rise to IGO's claims against Cook or against InterSearch. Further, IGO has not made any specific allegations regarding how InterSearch's relationship with Cook is sufficient to establish personal jurisdiction over InterSearch. See First Amended Complaint, ¶¶ 44-53 (no mention of New York connection with the contacts between InterSearch and Cook) and 54-57 (no mention of New York acts by Cook).

Conex is not a party to this action. See Declaratory Complaint, ¶¶ 1-3 (identifying parties and not listing Conex as a party); First Amended Complaint, ¶¶ 1-4 (same). Conex was a prior licensee of InterSearch and had signed the InterSearch Member Agreement. Conex's license was terminated before the end of August of 2005. Hestermann Decl., ¶¶ 7-9. The only specific allegations of conduct by non-party Conex are the sending of two letters that occurred prior to August of 2005. See First Amended Complaint, ¶¶ 34-36, Exhibits I (March 30, 2005 letter from Conex's counsel) and J (June 20, 2005 letter from Conex's counsel). On or about August 15, 2005, IGO signed an agreement with Conex (the "California Agreement"). In the California Agreement, IGO released all claims against Conex and its affiliates that were based upon any prior act and which were in any way related to the INTERSEARCH mark. First Amended Complaint, ¶ 39, Exhibit K, § 3 (releases). The California Agreement further specifies that it is governed by the laws of the State of California, excluding any choice of law provision that would cause the law of another jurisdiction to be applied. First Amended Complaint, ¶ 39, Exhibit K, § 12 (choice of law). Defendant InterSearch was not a party to the California Agreement and did not authorize Conex to enter into the California Agreement. Hestermann Decl., ¶ 10. Thus, the Declaratory Complaint was filed more than a year after Conex's license had been terminated and IGO had released any claims against Conex.

**B.    IGO's Jurisdictional Allegations Are Insufficient to Establish Personal Jurisdiction Over InterSearch**

IGO does not allege that any <u>specific acts by InterSearch in New York</u> that would give rise to either general or specific personal jurisdiction. See First Amended Complaint, ¶¶ 44-53 (no mention of any New York acts by Defendant InterSearch), and Exhibit M (Copy of Seattle Demand Letter sent from Seattle, Washington to San Francisco, California). IGO does not allege that Conex or Cook are agents of InterSearch for purposes of determining personal jurisdiction under New York law, or include the required specific allegations to support such an assertion.

**C.    Plaintiff IGO's Declaratory Judgment Complaint Was an Improper Anticipatory Filing**

On or about December 19, 2006, InterSearch, through its attorneys in Seattle, Washington, sent the Seattle Demand Letter to IGO in California, demanding, *inter alia*, that IGO cease use of the infringing INTERSEARCH mark in connection with employment-related services and transfer U.S. Trademark Registration No. 1,125,849, U.S. Trademark Registration No. 2,346,993 and U.S. Trademark Registration No. 2,531,787 to InterSearch. The Seattle Demand Letter recognized that IGO's primary services were in another field and invited IGO to engage in settlement discussions. First Amended Complaint, ¶ 48, Exhibit M; Linford Decl., ¶ 2.

In April of 2007, InterSearch and IGO discussed settlement options by telephone. On or about May 3, 2007, while settlement discussions between IGO and InterSearch were underway, IGO filed the Declaratory Complaint. On May 4, 2007, IGO's counsel sent an email to InterSearch's counsel asking about the status of settlement. In the May 4, 2007 email, IGO did not advise InterSearch or its counsel that IGO had filed the Declaratory Complaint in New York, but instead continued to engage in settlement discussions. Counsel for the parties conferred by telephone on May 7 and 31, and InterSearch made a settlement offer to IGO. IGO's counsel did not mention the Declaratory Complaint during these telephone conferences, but indicated he would try to get a response from his client. Linford Decl., ¶¶ 3-5.

On June 26, 2007, InterSearch advised IGO that it had become aware of the Declaratory Complaint, but understood the parties were trying to resolve the matter without litigation. On

June 29, IGO's counsel asked whether InterSearch's counsel was authorized to accept service, but also asked InterSearch to provide a new settlement proposal. On July 10, InterSearch's counsel advised IGO's counsel that it would not accept service of the Declaratory Complaint, and suggested the parties meet in person for a settlement conference. On July 18, IGO's counsel suggested a phone call instead. The parties agreed to confer by telephone to discuss settlement, but the conference was postponed due to a scheduling conflict. Linford Decl., ¶¶ 6-9.

On August 28, an express courier delivered a copy of the Declaratory Complaint to InterSearch in the United Kingdom. On August 29, IGO's counsel sent an email indicating he had a "time sensitive offer to convey." Later that day, counsel for InterSearch and IGO conferred by telephone. IGO's counsel conveyed the settlement offer, which included a demand for a substantial sum to change IGO's name. IGO's counsel did not advise InterSearch in the email or during the telephone conversation that the Declaratory Complaint had been served. IGO's counsel requested a response to their settlement proposal within two weeks, but indicated he knew InterSearch would likely be unable to respond until after Labor Day. Linford Decl., ¶¶ 10-11.

Without knowledge that the Declaratory Complaint had been served, on September 7, 2007, InterSearch filed, and on the same day served, the California Complaint. Linford Decl., ¶ 12. See also Hestermann Decl., ¶ 11 (significance of courier package not recognized until after September 7). The California Complaint alleges, *inter alia*, infringement by IGO of InterSearch's INTERSEARCH marks under the Lanham Act and California law, requests a declaratory judgment regarding the ownership of the INTERSEARCH marks and registrations, and asserts that IGO intentionally interfered with InterSearch's United Kingdom Contracts and business expectations in violation of California law. Linford Decl., ¶ 13.

IGO and InterSearch stipulated that InterSearch's response to the Declaratory Complaint would be due on Monday, September 24, 2007. InterSearch twice asked IGO to dismiss the Declaratory Complaint and to agree to litigate this dispute in San Francisco, where there are no personal jurisdiction issues and where Plaintiff IGO has its principal offices, and pointed IGO's

8

counsel to case law demonstrating that personal jurisdiction did not exist over InterSearch in New York. Plaintiff IGO twice declined to accept InterSearch's offer. IGO knew that InterSearch was going to file a Motion to Dismiss for lack of personal jurisdiction. Linford Decl., ¶¶ 14-17, Exhibits 1 and 2.

**D.    IGO's First Amended Complaint Adds Disfavored Customer-Type Claims in an Attempt to Avoid Dismissal of the Declaratory Complaint**

Instead of accepting InterSearch's proposal to litigate this matter in a forum that did not raise personal jurisdiction issues, IGO, at the last possible moment (by hand-delivery after 5:00 p.m.), served the First Amended Complaint. Linford Decl., ¶ 18. In the First Amended Complaint, IGO added infringement claims against InterSearch and added Illinois-based Cook as a party. First Amended Complaint, ¶¶ 3 and 68-87. The First Amended Complaint was the first time IGO ever complained to InterSearch about Cook. Linford Decl., ¶ 19. Further, and as noted above, IGO has not made any specific allegations regarding how InterSearch's relationship with Cook is sufficient to establish personal jurisdiction over InterSearch. See First Amended Complaint, ¶¶ 44-53 (no mention of New York connection with the contacts between InterSearch and Cook) and 54-57 (no mention of New York acts by Cook). The negotiations between Cook and InterSearch did not occur in New York and the bulk of the communications between InterSearch and Cook are exchanged between Chicago, Illinois and locations outside the United States. Hestermann Decl., ¶ 12.

**III.    IGO'S CLAIMS AGAINST INTERSEARCH SHOULD BE DISMISSED BECAUSE PERSONAL JURISDICTION DOES NOT EXIST IN NEW YORK**

Absent an evidentiary hearing, a plaintiff bears the burden of making a *prima facie* case that jurisdiction exists. *Fort Knox Music, Inc. v. Baptiste*, 139 F. Supp. 2d 505, 508 (S.D.N.Y.) (*Fort Knox III*)), *appeal dismissed*, 257 F.3d 108 (2d Cir. 2001). A court is to construe all pleadings and affidavits in the light most favorable to the plaintiff. *Id.* Conclusory allegations, however, do not establish a *prima facie* case for the existence of personal jurisdiction, and do not justify delaying dismissal to permit a plaintiff to conduct discovery on personal jurisdiction. *See*

*Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184-186 (2d Cir. 1998) (specific pleading required to make *prima facie* showing of personal jurisdiction based on the actions of an alleged agent; district court did not abuse its discretion in denying discovery on personal jurisdiction where *prima facie* showing was not made by plaintiff). Ultimately, a plaintiff must prove the existence of personal jurisdiction by a preponderance of the evidence. *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 762 (2d. Cir. 1983). Thus, a case which survives an initial challenge to personal jurisdiction through a *prima facie* showing remains subject to dismissal for lack of personal jurisdiction. *See Fort Knox III*, 139 F. Supp. 2d at 512.

In a federal question case involving a non-resident defendant, a federal court applies the forum state's personal jurisdiction rules. *Fort Knox III*, 139 F. Supp. 2d at 508-509 (citing *PDL Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997)). In this case, personal jurisdiction is governed by New York's general jurisdiction statute, N.Y. C.P.L.R. Section 301, and New York's long arm statute, N.Y. C.P.L.R. Section 302(a)(1). *See Fort Knox III*, 139 F. Supp. 2d at 509. Section 302(a)(3) is not applicable because any injury to IGO occurs in California (where IGO has its principal place of business) or Florida (where IGO is incorporated), not New York. *See Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir 1998) (injury to trademark owner with its principal place of business in California occurs in California). Assuming jurisdiction exists under at least one of New York's jurisdictional statutes, a court must determine whether the Due Process Clause of the U.S. Constitution is satisfied. *Fort Knox III*, 139 F. Supp. 2d at 509.

### A.    There Is No General Jurisdiction Under N.Y. C.P.L.R. Section 301

Section 301 permits a court to exercise jurisdiction over a defendant engaged in a continuous and systematic course of doing business in New York, so as to warrant a finding that the defendant is present in New York. *Fort Knox III*, 139 F. Supp. 2d at 509.

IGO makes no attempt to satisfy the requirements of Section 301. IGO has not even alleged that InterSearch has any continuous and systematic contacts in New York (an allegation

that, standing alone, would be insufficient under *Jazini*) or made specific allegations that InterSearch satisfies the "doing business" requirements of Section 301, either itself or through an agent. In any event, IGO cannot make the required showing. To meet the standard of Section 301, IGO must show that InterSearch is present in New York "not occasionally or casually, but with a fair measure of permanence and continuity." *Fort Knox III*, 139 F. Supp. 2d at 509 (*citing Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990)). InterSearch has no contacts with New York other than through an independent licensee who was terminated in 2005 (and to whom Plaintiff IGO granted a release in 2005), and through a Chicago-based company who happens to have an office in New York. InterSearch has never had a place of business, an employee, a phone number, or a bank account or other property in New York. See Hestermann Decl., ¶ 6. IGO does not allege with specificity why Cook (or Conex) should be considered to be InterSearch's agent in New York for jurisdictional purposes, as required by *Jazini* for IGO to rely on actions of an alleged agent to establish personal jurisdiction over InterSearch. A foreign corporation is not present in New York simply because it has a distributor in New York who solicits business in New York. *See Jazini*, 148 F.3d at 184; *Stephan v. Babysport, LLC*, - F. Supp. 2d -, No. 07-CV-00478, 2007 WL 2275221 at *3 (E.D.N.Y., August 6, 2007) ("[t]he defendant corporation must solicit business in New York in a manner that is substantial and continuous and must engage in other substantive activities in the state.") (citations omitted) (publication pending). There is no allegation at all that InterSearch engages in "other substantive activities in New York."

Accordingly, IGO has failed to allege facts sufficient to establish general personal jurisdiction over InterSearch under New York law, and cannot do so because InterSearch is not present in New York within the meaning of Section 301.

### B.    There Is No Specific Personal Jurisdiction Under N.Y. C.P.L.R. Section 302

Under Section 302, specific jurisdiction can be found over a defendant in New York if the plaintiff shows that (1) the defendant transacted business in New York and (2) an articulable

11

nexus exists between the business transacted and the cause of action sued upon. *Beacon Enterprises*, 715 F.2d at 763-64; *Fort Knox III*, 139 F. Supp. 2d at 510 (*citing McGowan v. Smith*, 52 N.Y.2d 268, 272 (1981)); *Babysport*, 2007 WL 2275221 at *3-4.

IGO makes no specific reference to New York's long-arm statute, N.Y. C.P.L.R. Section 302. IGO appears to allege that specific personal jurisdiction exists over InterSearch with a vague reference to a portion of Section 302(a). See First Amended Complaint, ¶ 4 (alleging only that InterSearch has "transacted business in the State of New York"). IGO has not provided any specific allegations regarding what business InterSearch allegedly transacted in New York or how the transacted business relates to IGO's declaratory judgment and infringement claims.

To the extent IGO relies on the Seattle Demand Letter, the Seattle Demand Letter was not sent to or from New York. First Amended Complaint, Exhibit M. Moreover, demand letters (standing alone or in combination with sales through or relationships with entities in New York) are insufficient to establish personal jurisdiction over a defendant in a declaratory judgment action. *See, e.g.*, *Beacon Enterprises*, 715 F. 2d at 764-65. Further, demand letters do not give rise to any infringement claims.

To the extent IGO relies on the demand letters sent from Conex in March and June of 2005, demand letters alone (or in combination with a relationship with a New York entity) are insufficient to create personal jurisdiction under Section 302. *Fort Knox III*, 139 F. Supp. 2d at 511. In addition, IGO released any claims it might have had based on Conex's 2005 demand letters well before IGO filed the Declaratory Complaint in 2007. Assuming, *arguendo*, that Conex was an agent of InterSearch for purposes of personal jurisdiction in New York, a release of an agent acts as a release of the principal. *See, e.g.*, *Smith v. Lincoln*, 52 Misc. 2d 66, 275 N.Y.S.2d 74 (N.Y. Sup. 1966) ("release of either party to a master-servant or principal-agent relationship operates to release the other except where a releaser has reserved his right to proceed against the other party"). Thus, IGO cannot rely on Conex's cease and desist letters, or any other activities of Conex, as a basis for asserting personal jurisdiction for its claims against InterSearch. Finally, it is preposterous for IGO to contend that 2005 demand letters from a

released, non-party, somehow gave rise to an actual 2007 controversy so as to create subject matter jurisdiction under the Declaratory Judgment Act.

To the extent IGO relies on Cook's presence in New York, the mere presence of an affiliate or business partner (such as a retailer, other distributor or licensee) in New York is not sufficient to establish personal jurisdiction or to show that the affiliate is an agent for purposes of personal jurisdiction. *See Jazini*, 148 F.3d at 184-85. Similarly, maintaining web sites assessable in a forum do not establish sufficient contacts with the forum to create personal jurisdiction. *See, e.g., Panavision*, 141 F.3d at 1319 (applying Due Process Clause: "no court has ever held that an Internet advertisement alone is sufficient to subject a party to jurisdiction in another state") (discussing cases, including *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir 1997)). Thus, the web sites of InterSearch and Cook which IGO attached to its First Amended Complaint are insufficient alone to establish personal jurisdiction over InterSearch under Section 302 and under the Due Process Clause.

IGO has made no allegations of specific activity in New York giving rise to its claims against InterSearch. According, there is no personal jurisdiction over InterSearch under New York's general jurisdiction and long arm statutes, or under the Due Process Clause of the Constitution.

C.    **This Case Should Be Dismissed and IGO Should Not Be Allowed to Engage in a Fishing Expedition Regarding InterSearch's Contacts with New York**

As established above, IGO has failed to allege facts sufficient to establish either general or specific personal jurisdiction over InterSearch under New York law or under the Due Process Clause, and IGO cannot do so because InterSearch is not present in New York, and because IGO does not and cannot point to any New York conduct by InterSearch giving rise to the claims in IGO's Declaratory Complaint or IGO's belatedly-filed First Amended Complaint. Under *Jazini*, IGO should not be allowed to postpone dismissal so that it can conduct a fishing expedition regarding personal jurisdiction – wasting additional judicial resources in New York and in California – when there is a pending case – the case in California – where this dispute may be

13

resolved in its entirety and that does not raise any personal jurisdiction issues. *See Fort Knox III*, 139 F. Supp. 2d at 512 (finding no personal jurisdiction and ordering transfer "to ensure that the Court and the parties do not expend even greater judicial resources in further addressing an issue collateral to the merits of the underlying dispute and which could be challenged on appeal.") Accordingly, all claims against InterSearch should be dismissed. Further, as discussed below, the First Amended Complaint should be dismissed in its entirety. In the alternative, any claims that might survive dismissal should be transferred to the Northern District of California.

## IV.    THE COURT SHOULD DISMISS IGO'S FIRST AMENDED COMPLAINT OR IN THE ALTERNATIVE ORDER ANY REMAINING CLAIMS TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA

The Court need not find personal jurisdiction is lacking to dismiss or transfer this action. A court may dismiss, transfer, enjoin or stay an action which is brought in an inconvenient forum or for an improper purpose, even if jurisdiction exists. *See, e.g., Pollux Holding, Ltd. v. The Chase Manhattan Bank*, 329 F.3d 64, 67 (2d Cir. 2003) (discussing related common-law *forum non conveniens* doctrine); *William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178-79 (2d Cir. 1969) (affirming enjoining of customer-type first-filed action against a retailer in favor of a later-filed action between the manufacturer and the owner of the patent in a more convenient forum, and discussing cases); *NSI*, 843 F. Supp. at 645 (dismissing first-filed declaratory complaint under comity doctrine in favor of later-filed case on the merits pending in another district because the first-filed action was brought for forum shopping purposes). Further, the exercise of jurisdiction under the Declaratory Judgment Act is discretionary, not mandatory. *See, e.g., Muller v. Olin Mathieson Chemical Corp.*, 404 F.2d 501, 505 (2d Cir. 1968); *Koppell v. Levine*, 347 F. Supp. 456, 461 (E.D.N.Y. 1972).

In addition, it has long been the rule that a later-filed action may take precedent over a first-filed action, particularly when judicial economy favors the later-filed action and the first-filed action is an anticipatory action. *See, e.g., Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978), *abrogated on other grounds by Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d

Cir. 1990); *Riviera Trading Corp. v. Oakley*, 944 F. Supp. 1150, 1158-59 (S.D.N.Y. 1996). Thus, when the balance of convenience favors the second action or when forum shopping motivated the situs of the first suit, a district court may dismiss, enjoin, transfer or stay a first-filed action in favor of a second action. *See, e.g., Gluckin*, 407 F.2d at 178-79 (affirming enjoining of first-filed customer-type complaint); *NSI*, 843 F. Supp. at 645 (dismissing anticipatory action in favor of later-filed action on the merits).

Here, IGO's Declaratory Complaint and First Amended Complaint squarely fall within the two well-recognized exceptions to the first-to-file rule discussed above: (i) IGO's Declaratory Complaint was an improper anticipatory action brought solely for forum shopping purposes (and without personal jurisdiction over the InterSearch); and (ii) IGO's First Amended Complaint adds disfavored customer-type claims (and was filed <u>after</u> an action on the merits between IGO and InterSearch was pending in California) solely for the purpose of avoiding dismissal of the Declaratory Complaint for lack of personal jurisdiction.

IGO's Declaratory Complaint was triggered by the Seattle Demand Letter, and was filed several months after the Seattle Demand Letter was sent and while settlement negotiations were ongoing. IGO did not promptly serve the Declaratory Complaint or even advise InterSearch that it had filed the Declaratory Complaint, but instead encouraged InterSearch to engage in settlement discussions. See Linford Decl. ¶¶ 3-5. IGO similarly made a settlement offer to InterSearch <u>after</u> serving the Declaratory Complaint by express courier but <u>without advising</u> InterSearch that the Declaratory Complaint had been served. Linford Decl., ¶ 11. Thus, the Declaratory Complaint is an improper anticipatory action, and allowing it to go forward will encourage trademark owners to file suit first, rather than to try to negotiate a settlement in good faith. *See NSI*, 843 F. Supp. at 645-46. In *NSI*, the declaratory plaintiff filed suit substantially simultaneously with making a settlement offer, and subsequently served the suit with a renewed settlement offer. The district court held the plaintiff led the defendant to believe the parties were moving toward settlement and that the complaint was filed for forum shopping purposes, rather than due to any alleged delay by defendant in responding to settlement offers. Thus, the court

dismissed the suit in favor of a later-filed suit in Texas. *Id.* Here, IGO similarly encouraged InterSearch to engage in settlement negotiations, and the timing of the filing and service of the Declaratory Complaint are consistent with forum shopping, not with any genuine concern of IGO that InterSearch was not interested in reaching a settlement. *See NSI*, 843 F. Supp. at 645-46.

IGO's First Amended Complaint, which raised for the first time claims against Cook, was filed <u>after</u> an action of the merits was pending in California between IGO and InterSearch, the real parties to this dispute, and in response to InterSearch's anticipated motion to dismiss the Declaratory Complaint for lack of personal jurisdiction. Thus, IGO's First Amended Complaint should not be considered as a first-filed complaint. In any event, it squarely falls into the customer-type exception to the first-to-file rule set forth in *Glukin*, and as such is subject to dismissal. The real dispute is between InterSearch and IGO, neither of whom have offices in New York, and pertains to the ownership of the INTERSEARCH mark. The claims against Cook were belatedly-added solely for forum shopping purposes.

Moreover, the interests of judicial economy heavily favor dismissal of IGO's First Amended Complaint in its entirety. There are serious issues of personal jurisdiction in New York, both with regard to IGO's claims against InterSearch, <u>and</u> with regard to InterSearch's claims against IGO, including InterSearch's claims in the pending action in the Northern District of California. The California Complaint alleges various state and common law claims under California state law, claims based upon IGO's conduct in California and IGO's entry into the California Agreement, which also is governed by California law. Therefore, it is highly unlikely that all of the parties' claims can be resolved in New York. If the New York action proceeds, two actions would likely move forward, thus squandering precious judicial resources and creating a substantial risk that the cases will be adjudicated with inconsistent results. *See Factors*, 579 F.2d at 219 (efficient and responsible judicial administration favors deciding cases raising the same issues to be tried in the same forum).

In contrast, California has specific personal jurisdiction over InterSearch and general jurisdiction over IGO and Cook (should IGO elect to pursue its new customer-type claims against

Cook, which were only brought in a last minute attempt to avoid dismissal of the Declaratory Complaint), and venue is proper in California.  Thus an action is California can resolve all of the issues between the parties in a single action, without the need to devote judicial resources to determining whether personal jurisdiction exists and without running the risk that, after substantial activity in this Court, personal jurisdiction may ultimately be found to be lacking. *See, e.g., Daniel v. American Bd. of Emergency*, 428 F.3d 408, 435-36 (2d Cir. 2005) (discussing when dismissal as opposed to transfer is appropriate, and noting the risk that lack of personal jurisdiction can require dismissal even after the parties have spent a substantial amount of time litigating); *Fort Knox III*, 139 F. Supp. 2d at 512 ("transfer at this juncture is necessary to ensure that the Court and the parties do not expend even greater judicial resources in further addressing an issue collateral to the merits of the underlying dispute and which could be challenged on appeal.")  Moreover, substantial judicial activity has yet to occur in either of the pending actions. Thus, the interests of judicial economy favor dismissal of IGO's First Amended Complaint in favor of the California Complaint.

In addition, California, as opposed to New York has a substantial connection to this dispute.  Plaintiff IGO has its principal place of business in California (and thus its witnesses and documents are likely located in California).  The California Agreement, on which IGO bases its claims of ownership of the intellectual property at issue, is governed by California law, and the bulk of IGO's activities about which InterSearch has complained occur in California.  The ownership issue will likely not require testimony from any of Cook's witnesses, and such witnesses are likely to be located in Chicago, not New York.  To the extent discovery is required from InterSearch, its witness and documents are not located in New York.  To the extent discovery from non-party Conex is needed, it can be obtained just as easily in an action in California.  Thus, the convenience of the parties and the ability to compel discovery favor litigation of this matter in California.

Accordingly, the Court should dismiss IGO's First Amended Complaint in its entirety, or in the alternative, order any remaining claims transferred to the Northern District of California

because the interest of judicial economy favor proceeding in the Northern District of California, and because IGO's filings in New York were made for improper forum shopping purposes.

## V.     AN AWARD OF ATTORNEYS' FEES IS PROPER IN THIS EXCEPTIONAL CASE

Attorneys' fees can be properly awarded to InterSearch and Cook under 15 U.S.C. Section 1117 for IGO's unreasonable and bad faith filing of its anticipatory Declaratory Judgment Complaint and continued prosecution of the present lawsuit, including the filing of the First Amended Complaint adding customer-type claims solely for the purpose of avoiding dismissal. *See, e.g., Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.*, 771 F.2d 521, 526-27 (D.C. Cir. 1985) (R. Ginsburg, J.) (finding case exceptional and awarding attorneys' fees against plaintiff for launching litigation in a distant forum without justification); *Diamond Supply Co. v. Prudential Paper Prod. Co.*, 589 F. Supp. 470, 476 (S.D.N.Y. 1984) (finding case exceptional and awarding attorneys' fees to defendant that had to file a motion to dismiss and defend itself in an action that clearly should not have been maintained against the defendant).

Based on the lack of personal jurisdiction and the anticipatory nature of IGO's filing, and its refusal to agree to litigate the parties' disputes in a forum that does not raise the jurisdictional issues that exist in New York, IGO caused InterSearch and Cook to spend considerable resources defending themselves and seeking dismissal of this action.  The case law establishes that IGO had no basis for asserting personal jurisdiction in New York against InterSearch, and that IGO's First Amended Complaint is an improper customer-type complaint adding a Chicago-based entity with a New York office solely for forum shopping purposes.  IGO's choice of a distant forum having no connection to IGO's claims and no connection to any acts of InterSearch pertaining thereto further shows IGO's bad faith and unreasonableness.  IGO engaged in forum abuse in selecting New York, which is a far-flung, inconvenient location not only for InterSearch and Cook, but for IGO itself, to litigate. *See, e.g., Noxell Corp.*, 771 F.2d at 526-27.  IGO cannot seriously argue that the basis for its Declaratory Complaint is anything other than the demand

letter originating in Seattle, Washington and sent to IGO in San Francisco, California. *See, e.g.*, Declaratory Complaint ¶¶ 38-47 (no mention of any acts by InterSearch in New York) and Ex. K (copy of Seattle Demand Letter sent from Seattle, Washington to San Francisco, California). Similarly, it is unreasonable for IGO to suggest that its First Amended Complaint, in which IGO for the very first time mentioned any concerns with Cook, was anything other than an attempt to avoid dismissal by adding disfavored customer-type claims.    Under these circumstances, InterSearch and Cook request that the Court declare this case exceptional and award Defendants their attorneys' fees and costs.

## VI.    CONCLUSION

For the reasons stated above, Defendants ask the Court to dismiss IGO's First Amended Complaint in its entirety under either Rule 12(b)(1) or 12(b)(2), under the comity doctrine, or as an improper anticipatory filing pursuant to 18 U.S.C. Section 2201.    In the alternative, InterSearch asks the Court to order any claims not dismissed from this case transferred to the Northern District of California, where Plaintiff IGO has its principal place of business and where there is already an action pending on the merits which does not suffer from the jurisdictional and venue issues of the present case.    Defendants also ask the court to deem this case exceptional pursuant 15 U.S.C. Section 1117 and award attorneys' fees and costs to Defendants.

Dated:    New York, New York
          October 5, 2007

                          DUANE MORRIS LLP


                          Brian McQuillen
                          Vanessa C. Hew
                          1540 Broadway
                          New York, NY  10036-4086
                          Tel:  (212) 692-1000
                          Fax: (212) 692-1020

                          and

                          **SEED IP LAW GROUP PLLC**
                          Lorraine Linford
                          (pro hac vice application to be filed)
                          Timothy L. Boller
                          (pro hac vice application to be filed)
                          701 Fifth Avenue, Suite 5400
                          Seattle, Washington 98104
                          Tel:  (206) 622-4900
                          Fax: (206) 682-6031

                          ATTORNEYS FOR DEFENDANTS
                          INTERSEARCH WORLDWIDE, LTD.
                          and COOK ASSOCIATES, INC.

                          and

                          **DAVIS MCGRATH LLC**
                          Juris Kins
                          (pro hac vice application to be filed)
                          125 S. Wacker Drive, Suite 1700
                          Chicago, IL 60606
                          Tel: (312) 332-3033
                          Fax: (312) 332-6376

                          ATTORNEYS FOR DEFENDANT
                          COOK ASSOCIATES, INC.

1037015_1.DOC