Brian McQuillen (BM 9220)
Vanessa C. Hew (VH 4617)
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1000
Fax: (212) 692-1020

and

Lorraine Linford (pro hac application to be filed)
Timothy L. Boller (pro hac application to be filed)
**SEED IP LAW GROUP PLLC**
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
Tel: (206) 622-4900
Fax: (206) 682-6031

ATTORNEYS FOR DEFENDANTS
INTERSEARCH WORLDWIDE, LTD.
COOK ASSOCIATES, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------X
INTERSEARCH GROUP, INC.           :   Civil Action No.

                Plaintiff,   :

       -against-              :   DECLARATION OF LORRAINE
                          LINFORD IN SUPPORT OF
                          DEFENDANTS' MOTION TO
INTERSEARCH WORLDWIDE LTD. and    :   DISMISS
COOK ASSOCIATES, INC.
                          :
                Defendants
---------------------------------------------X

    I, LORRAINE LINFORD, hereby declare and state that:

1.    I am a principal of Seed Intellectual Property Law Group PLLC and lead counsel for Defendant InterSearch Worldwide, Ltd. ("InterSearch") in this matter. The following facts are true of my own knowledge unless otherwise stated.

1

2. On December 19, 2006 I sent a Demand Letter on behalf of InterSearch from Seattle, Washington, to Plaintiff Intersearch Group, Inc. ("IGO") in San Francisco, California (the "Seattle Demand Letter"). A copy of my letter is attached to the First Amended Complaint as Exhibit M.

3. In April of 2007, I discussed settlement options with IGO's counsel by telephone. On May 3, 2007, while settlement discussions between IGO and InterSearch were still underway, IGO filed a complaint seeking declaratory judgment in New York (the "Declaratory Complaint").

4. On May 4, 2007, I received an email from IGO's counsel asking about the status of settlement. In the May 4, 2007 email, IGO's counsel did not advise me that IGO had filed the Declaratory Complaint in New York.

5. On May 7 and 31, 2006, I conferred with IGO's counsel by telephone, and conveyed a settlement offer from InterSearch to IGO's counsel. IGO's counsel did not mention the lawsuit during these telephone conferences, but indicated he would try to get a response to the settlement offer from his client.

6. On June 26, 2007, I advised IGO's counsel that InterSearch was aware of the Declaratory Complaint, but understood the parties were trying to resolve the matter without litigation.

7. On June 29, 2007, IGO's counsel asked whether I was authorized to accept service for InterSearch, but also requested that InterSearch provide a new settlement proposal.

8. On July 10, 2007, I advised IGO's counsel that I was not authorized to accept service of the Declaratory Complaint, and suggested the parties meet in person for a settlement conference.

9. On July 18, 2007, IGO's counsel suggested the parties have a settlement conference by telephone. The parties subsequently agreed to confer by telephone to discuss settlement, but the telephone conference was postponed due to a scheduling conflict.

10. I understand that on August 28, 2007, an express courier delivered a copy of the Declaratory Complaint to InterSearch in the United Kingdom.

2

11. On August 29, 2007, IGO's counsel sent me an email indicating he had a "time sensitive offer to convey." Later that day, I conferred with IGO's counsel by telephone, and IGO's counsel conveyed a new settlement offer, which included a demand for a substantial sum to change IGO's name. IGO's counsel did not advise me in the email or during the telephone conversation that the Declaratory Complaint had been served. IGO's counsel requested a response to their settlement proposal within two weeks, but understood InterSearch would likely not be able to respond until after Labor Day.

12. On September 7, 2007, without knowledge that the Declaratory Complaint had been served, InterSearch filed and served a Complaint for Trademark Infringement against IGO in San Francisco (the "California Complaint").

13. The California Complaint alleges, *inter alia*, infringement of InterSearch's INTERSEARCH marks under the Lanham Act and California law, requests a declaratory judgment regarding the ownership of the INTERSEARCH marks and registrations, and asserts that IGO intentionally interfered with InterSearch's United Kingdom Contracts and business expectations in violation of California law.

14. On September 10, 2007, I asked IGO's counsel to agree to litigate this dispute in San Francisco, where there are no personal jurisdiction issues and where IGO is located. IGO's counsel declined, stating that he considered New York to be the appropriate forum, but without providing a basis for this assertion.

15. InterSearch and IGO stipulated that InterSearch's response to the Declaratory Complaint would be due on Monday, September 24, 2007.

16. On September 19, 2007, I again requested that IGO agree to litigate this matter in San Francisco and pointed IGO's counsel to case law demonstrating that personal jurisdiction did not exist in this case. I advised IGO's counsel that, in the absence of an agreement to litigate in San Francisco, InterSearch would seek fees and costs associated with obtaining a dismissal or transfer. A copy of my letter of September 19 is attached hereto as Exhibit 1.

17. IGO's counsel again declined to agree to litigate this matter in San Francisco. Attached hereto as Exhibit 2 are copies of pertinent email exchanges between myself and IGO's counsel.

18. I understand that IGO served, by hand delivery on InterSearch's local counsel in New York, the First Amended Complaint after 5:00 p.m. on Friday, September 21, 2007.

19. Prior to filing the First Amended Complaint, IGO had never complained to InterSearch about any activities of Cook Associates.

20. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

EXECUTED at Sammamish, Washington, this 5th day of October, 2007.

_____
Lorraine Linford

1029311_3.DOC