# EXHIBIT 1

# Seed<sup>IP</sup>

September 19, 2007

Lorraine Linford
(206) 694-4826
LorraineL@SeedIP.com

By Facsimile 212.382.0888
Confirmation By US Mail

Mr. Peter S. Sloane
Ostrolenk, Faber, Gerb & Soffen, LLP
1180 Avenue of the Americas
New York, New York 10036-8403

**Without Prejudice**

Re:   InterSearch Worldwide, Ltd. and Intersearch Group, Inc.
      Your Reference: 7/4700-39
      Seed IP Reference: 480254.801

Dear Peter,

Having discussed this matter with our client, InterSearch Worldwide does not consider your client's demand for $5 million to be a reasonable settlement offer. Under such circumstances, InterSearch has decided to decline your suggestion that it make a counteroffer, as they feel they would simply be bidding against themselves yet again. InterSearch would be pleased though to consider any reasonable settlement offer from your client.

Last week, you declined our request that the parties agree to litigate in San Francisco, where your client has its principal offices, without setting forth any specific reasons why you considered New York, where neither InterSearch nor Intersearch Group has any offices, to be the appropriate forum. As we previously stated to you, we think it makes little sense for two proceedings to move forward in this matter, as San Francisco is the more appropriate forum, given that your client is located there and there are no personal jurisdiction issues in San Francisco.

Furthermore, we think it is clear that there is no personal jurisdiction over InterSearch in New York, and your client's filing was an improper anticipatory filing. *See, e.g., Fort Knox Music v. Baptiste*, 139 F.Supp.2d 505 (S.D.N.Y.), *appeal dismissed*, 257 F.3d 108 (2d Cir. 2001). Even if your client somehow establishes a *prima facie* case of personal jurisdiction and convinces the Court that it should exercise subject matter jurisdiction over an anticipatory filing, it is unlikely the New York case would survive an evidentiary hearing or a motion to transfer to a much more convenient forum, one where your client has its principal place of business and where no personal jurisdiction issues exist. *See id.*

Accordingly, we must again request that your client agree to litigate this matter in San Francisco. If you fail to agree to dismiss the Declaratory Judgment Action by 5:00 Pacific Time tomorrow, September 20, 2007, please be advised that we will seek, under 15 U.S.C. Section 1117 and as otherwise permitted by law, attorney's fees and costs associated with obtaining a dismissal or transfer of the New York Declaratory Judgment Action.

Very truly yours,
Seed IP Law Group PLLC

Lorraine Linford

1027737_2.DOC

Seed Intellectual Property Law Group PLLC

address  701 Fifth Avenue
         Suite 5400
         Seattle, WA 98104
telephone 206.622.4900
facsimile 206.682.6031
website  SeedIP.com