# Exhibit F

# AGREEMENT

THIS TRADEMARK SETTLEMENT AGREEMENT ("Agreement") is by and between Conex Incorporated Corp., ("Conex"), a New York corporation with its principal place of business at 950 Third Avenue, New York, NY 10022, and InterSearch Group, Inc., ("InterSearch Group"), a Florida corporation with its principal place of business at 250 Montgomery Street, Suite 1200, San Francisco, CA 94104 (referred to collectively as the "**Parties**" and individually as a "**Party**").

WHEREAS, Conex is the sole owner of all rights, title and interest in and to the trademark INTERSEARCH, United States Trademark Registration No. 2531787 for goods and services in International Class 35 identified as "on-line executive search and human resources consultation services featuring information regarding salary, posting of resumes, searches for candidates, global matching of candidates and employers," United States Registration No. 2346993 for goods and services in International Class 35 identified as "personnel placement and recruitment," and United States Registration No. 1125849 for goods and services in International Class 35 identified as "employee information services, specifically evaluation of qualifications, skills, interests of prospective job applicants, matching same with listings of job opportunities provided by employers, and providing biographical data of likely candidates to employers" (collectively "**Marks**");

WHEREAS, InterSearch Group has adopted INTERSEARCH as a mark in connection with, among other things, employment consulting services;

WHEREAS, a dispute has arisen involving the use by InterSearch Group of INTERSEARCH; and

WHEREAS, the parties hereto, without admitting or conceding any fault or liability, desire to reach a full and final compromise and settlement of any and all disputes or claims existing or that might exist between Conex, on the one hand, and

InterSearch Group, on the other hand, pertaining to the use of INTERSEARCH by InterSearch Group;

NOW, THEREFORE, for and in consideration of the promises set forth herein, the parties hereto agree as follows:

## AGREEMENT

1. InterSearch Group shall pay to Conex the sum of fifty-thousand United States dollars ($50,000.00) within 3 business days after this Agreement has been executed by both Parties and the original thereof has been delivered to Conex's counsel, Morrison & Foerster LLP, to the attention of Rebekah Kaufman, Esq.

2. Conex shall execute the assignment in the form attached hereto as Exhibit A within 10 business days after receipt of all payments due hereunder.

3. Conex, and its representatives, assigns, and subsidiary and affiliate corporations, and their past and present officers, directors, shareholders, agents, employees, attorneys, successors and assigns do hereby completely release and forever discharge InterSearch Group, and its representatives, assigns, and subsidiary and affiliate corporations, and their past and present officers, directors, shareholders, agents, employees, attorneys, successors and assigns from any and all claims, causes of action, rights, demands, liabilities, and suits of any kind whatsoever, known or unknown, fixed or contingent, which Conex had, now has, or which may accrue in the future, based upon any act, omission, occurrence or event occurring prior to the date hereof, arising out of or in any way related to the Marks.

InterSearch Group, and its representatives, assigns, and subsidiary and affiliate corporations, and their past and present officers, directors, shareholders, agents, employees, attorneys, successors and assigns do hereby completely release and forever discharge Conex, its representatives, assigns, and subsidiary and affiliate corporations, and their past and present officers, directors, shareholders, agents, employees, attorneys,

successors and assigns from any and all claims, causes of action, rights, demands, liabilities, and suits of any kind whatsoever, known or unknown, fixed or contingent, which InterSearch Group had, now has, or which may accrue in the future, based upon any act, omission, occurrence or event occurring prior to the date hereof, arising out of or in any way related to the Marks.

4. Each party acknowledges having been informed by an attorney of the provisions of Section 1542 of the Civil Code of the State of California, and hereby expressly waives and relinquishes all rights and benefits which he or she has or may have under that Section, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

5. Nothing in this Agreement will be construed so as to impair any legal or equitable right of any party hereto to enforce any of the terms of the Agreement by any means, including without limitation an action for damages or a suit to obtain specific performance of any or all of the terms of this Agreement. In the event of such an action, reasonable attorneys' fees and expert witness fees and expenses are recoverable by the prevailing party in addition to any other relief to which such party may be entitled.

6. This Agreement, with the attached assignment, constitutes the entire agreement between the parties, superseding any and all previous oral or written representations, communications, understandings or agreements. Any amendment to this Agreement must be in a writing specifically referring to this Agreement, and signed by duly authorized representatives of the parties hereto.

7. Each party shall bear its own attorneys' fees and costs incurred in or arising out of in any way related to the matters herein, including, but not limited to, the preparation and execution of this Agreement.

8. This Agreement shall inure to the benefit of the parties hereto, the successors and assignees of the marks mentioned in this Agreement, and each and all of their representatives, officers, directors, shareholders, partners, employees, agents, affiliates, and subsidiaries.

9. Conex represents, warrants, and agrees that it has received prior independent legal advice from counsel of its choice with respect to the advisability of this settlement and this Agreement; and its corporate officers reviewing and executing the Agreement have been duly authorized and empowered to do so.

10. InterSearch Group represents, warrants, and agrees that it has received prior independent legal advice from counsel of its choice with respect to the advisability of this settlement and this Agreement; and its corporate officers reviewing and executing the Agreement have been duly authorized and empowered to do so.

11. The parties agree that this Agreement may be executed in counterparts.

12. This Agreement is made under and shall be construed in accordance with the laws of the State of California, without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the laws of the State of California to the rights and duties of the Parties.

13. The parties hereby warrant that each is fully entitled and duly authorized to complete its obligations hereunder. The parties further warrant that there are not other persons or entities from whom (or from which) releases should be obtained in connection with the subject matter of this Agreement. The parties agree that a breach of this representation and warranty would be deemed a material breach of the terms of this Agreement.

14. In the event any one or more of the provisions of this Agreement shall for any reason be held to be invalid, illegal or unenforceable, then: (a) the illegal or unenforceable provision shall be replaced by a revised provision, which, being valid, comes closest to the intention of the parties underlying the invalid, illegal or unenforceable provision; and (b) the remainder of the Agreement will remain binding and in full force and effect.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed on the dates specified below.

CONEX INCORPORATED CORP.

Dated: August 23, 2005

*[signature: Fred Viegel]*

Name: Fred Viegel

Title: President

INTERSEARCH GROUP, INC.

Dated: August 15, 2005

*[signature: Daniel O'Donnell]*

Name: DANIEL O'DONNELL

Title: CEO

## EXHIBIT A

### ASSIGNMENT

WHEREAS, Conex Incorporated Corp., a New York corporation, with offices at 950 Third Avenue, New York, NY 10022 ("ASSIGNOR") owns certain trademarks and/or service marks, and applications and/or registrations for such marks, as listed in Exhibit 1 attached hereto and incorporated herein by this reference ("MARKS"); and

WHEREAS, InterSearch Group, Inc., a Florida corporation, with offices at 250 Montgomery Street, San Francisco, CA 94104 ("ASSIGNEE"), desires to acquire all of the right, title and interest of ASSIGNOR in, to and under the MARKS, together with the goodwill of the business symbolized by the MARKS;

WHEREAS, ASSIGNOR and ASSIGNEE have entered into a certain Agreement dated August 23, 2005, among other things, assigning all right, title and interest in and to the MARKS and in and to the registrations and/or applications for same from ASSIGNOR to ASSIGNEE;

NOW, THEREFORE, in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration paid by ASSIGNEE to ASSIGNOR, the receipt and sufficiency of which hereby is acknowledged, ASSIGNOR does hereby sell, assign, transfer and convey unto ASSIGNEE its entire right, title and interest in and to the MARKS, and to the applications and/or registrations for the MARKS, together with the goodwill of the business symbolized by the MARKS and the portion of the business of the ASSIGNOR to which the MARKS pertain, including the right to sue and recover for any past infringement thereof.

IN WITNESS WHEREOF, ASSIGNOR has caused this Assignment to be duly executed by an authorized officer on this 23rd day of August, 2005.

By: _____

Name: ____Fred Siegel____

Title: ____President____

## EXHIBIT 1

### MARKS

| COUNTRY | MARK | REG. NO. |
|---|---|---|
| United States | INTERSEARCH | 2531787 |
| United States | INTERSEARCH | 2346993 |
| United States | INTERSEARCH | 1125849 |