Robert C. Faber (RF 7020)
Peter S. Sloane (PS 7204)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700
Facsimile: (212) 382-0888
rfaber@ostrolenk.com
psloane@ostrolenk.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

INTERSEARCH GROUP, INC.

        Plaintiff,

v.

INTERSEARCH WORLDWIDE LIMITED,
and COOK ASSOCIATES,

        Defendants,

Civil Action No.: 07 CV 3545
(DAB)(KNF)

**DECLARATION OF PETER S. SLOANE IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DIMISS, OR IN THE ALTERNATIVE,**
**TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

Peter S. Sloane hereby declares as follows:

1. I am a Partner in the law firm of Ostrolenk, Faber, Gerb & Soffen, LLP ("Ostrolenk"), attorneys for InterSearch Group, Inc. ("InterSearch"), Plaintiff in the above-referenced civil action.

2. I submit this Declaration in opposition to Defendants' Motion to Dismiss, or in the Alternative, to Transfer to the Northern District of California (the "Motion").

{00878060.1}

3. Ostrolenk represented InterSearch in negotiating its dispute with Conex Incorporated ("Conex") over rights to the mark INTERSEARCH in the U.S. In settlement of that dispute, Conex assigned to InterSearch the rights to U.S. Registration Nos. 1,125,849, 2,531,787 and 2,346,993 for the mark INTERSEARCH for executive search and human resource services (hereinafter collectively referred to as the "Registrations").

4. During the trial of this action, Conex is sure to play an important role as a witness concerning its license to use the mark INTERSEARCH in the U.S. and the assignment of its trademark rights to InterSearch. Upon information and belief, Conex is presently located on Madison Avenue in Manhattan in this District.

5. As part of its due diligence in obtaining assignment of the Registrations, InterSearch, through Ostrolenk, checked the assignment records of the United States Patent and Trademark Office. No assignment or other document disputing Conex' representations that it was the sole owner of all right, title and interest in and to the trademark INTERSEARCH in the Registrations, or otherwise affecting title to the Registrations, was found.

6. Ostrolenk has subsequently represented InterSearch in filing a lawsuit against Intersearch Worldwide Limited ("Worldwide") for declaratory judgment of non-infringement concerning rights to the mark INTERSEARCH in the U.S. (the "New York Action"). The Complaint in the New York Action was filed on May 3, 2007. A copy of the Complaint is attached as Exhibit A.

7. On June 26, 2007, the attorneys for Worldwide sent a letter to Ostrolenk advising that Worldwide had become aware of the New York Action. A copy of the letter is attached as Exhibit B.

8. In the letter shown in Exhibit B, the attorneys for Worldwide further advised that

Worldwide had filed a Notice of Opposition against InterSearch's recently filed application to register the mark INTERSEARCH. A copy of the Notice of Opposition is attached as Exhibit C.

9. On June 29, 2007, with the dispute still not settled, and the 120-day final date to serve process in the New York Action approaching, the attorneys for InterSearch asked the attorneys for Worldwide to accept service of the Summons and Complaint in the New York Action on behalf of Worldwide. By letter dated July 10, 2007, the attorneys for Worldwide refused to do so. A copy of the letter is attached as Exhibit D.

10. Upon information and belief, the decision to refuse to accept service of process was made solely to inconvenience InterSearch and force it to incur the time and expense of serving process under the Hague Convention. The lateness of the decision further left InterSearch with less than two months to effect service of process upon Worldwide in the United Kingdom in order to avoid missing the 120-day federal deadline.

11. InterSearch subsequently attempted service of process by two methods permitted under the Hague Convention. InterSearch arranged to serve process through the Senior Master's Office in London. Service of process through that diplomatic channel was not effected because the address was listed as "unknown."

12. InterSearch also served process through FedEx delivery. The delivery was received and acknowledged. Worldwide does not dispute the adequacy or sufficiency of service of process.

13. On September 6, 2007, without prior notice to Plaintiff, four months after the New York Action was filed and over two months after Worldwide became aware of the New York Action, Worldwide filed an action in the Northern District of California alleging claims of unfair competition, common law unfair competition, intentional interference with contract, intentional

interference with prospective economic advantage, unfair competition under California law, declaratory judgment and cancellation (the "California Action"). A copy of the Complaint in the California Action is attached as Exhibit E. Worldwide served the Complaint in the California Action by hand upon InterSearch on September 7, 2007.

14. Upon information and belief, Worldwide has granted a license to a company named Cook Associates, Inc. ("Cook") to use the mark INTERSEARCH in the U.S. for executive search services.

15. Worldwide identifies Cook as its U.S. location on its Internet web site at www.intersearch.org. A printout of the web page is attached as Exhibit F. Worldwide further identifies New York as the second of its seven U.S. locations.

16. Cook, in turn, presently holds itself out as the exclusive U.S. representative of Worldwide on its Internet web site at www.cookassociates.com. A printout of the web page is attached as Exhibit G.

17. Upon information and belief, Susan Denison is the Managing Director of Cook's Executive Search division. A printout from the web site is attached as Exhibit H. It indicates that Ms. Denison is based out of Cook's Manhattan Office.

18. Worldwide is no stranger to New York. Its Internet web site prominently features a photograph of the Board taken at Rockefeller Center in Manhattan. A printout is attached as Exhibit I. Pictured among the Board members is Heinz-Dieter Hesternmann, the individual who signed the Declaration in support of the Motion.

19. On September 21, 2007, Plaintiff filed its First Amended Complaint in the New York Action to add Cook as a co-defendant. The Amended Complaint also seeks monetary damages and

injunctive relief preventing Worldwide and Cook from using the mark INTERSEARCH in the U.S. A copy of the Amended Complaint is attached as Exhibit J.

20. On September 19, 2007, the attorney for Worldwide sent me a fax offering to litigate the matter in San Francisco. A copy of the fax is attached as Exhibit 1 to the Declaration of Lorraine Linford in Support of Defendants' Motion to Dismiss (the "Linford Declaration"). The attorney for Worldwide stated that she thought it is clear that there is no jurisdiction over her client in New York and that our client's filing was an improper anticipatory filing. In support of her position, she cited only one case, Fort Knox Music v. Baptiste, 139 F.Supp.2d 505 (S.D.N.Y. 2001).

21. In response, I sent the attorney for Worldwide an e-mail that same day, September 19, 2007. A copy of the e-mail is attached as Exhibit K. In the e-mail, I stated that the Knox case is not on point because the defendant there, among other things, unlike Worldwide, had no presence in New York or any agent in New York. I never received any response explaining the pertinence of the Knox case.

22. I note that Exhibit 1 to the Linford Declaration includes recitation of a settlement offer that was made by InterSearch without prejudice and for settlement purposes only. Indeed, the exhibit states at the top that it, too, is "without prejudice." It is inexcusable for the attorneys for Worldwide to put such confidential settlement offers into the public record and before the Court.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 22, 2007
      New York, New York

_____
Peter S. Sloane