# Exhibit A




07 CV 3545

Robert C. Faber (RF 7020)
Peter S. Sloane (PS 7204)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036-8403
Telephone: (212) 382-0700
Facsimile: (212) 382-0888

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                             :
INTERSEARCH GROUP, INC.,                                     :
                                                             :
                            Plaintiff,                       :   Civil Action No.
                                                             :
        v.                                                   :
                                                             :
INTERSEARCH WORLDWIDE LIMITED,                               :
                                                             :
                            Defendant.                       :
                                                             :
------------------------------------------------------------x

## COMPLAINT

InterSearch Group, Inc. ("Plaintiff"), by and through its attorneys Ostrolenk, Faber, Gerb & Soffen, LLP, hereby complains of the activities of Defendant, Intersearch Worldwide Limited, as follows:

### PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 222 Kearny Street, Suite 550, San Francisco, California 94108.

{00837859.1}

2. Upon information and belief, Defendant Intersearch Worldwide Limited ("Defendant"), is a corporation organized and existing under the laws of the United Kingdom, with its address at The Old Council Chambers, Halford Street, Tamworth, United Kingdom B79 7RB.

## JURISDICTION

3. This Court has personal jurisdiction over Defendant because, based on information and belief, it has transacted business in the State of New York and in this District.

4. Counts I and II arise under the trademark laws of the United States and seek relief, inter alia, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual justiciable controversy exists within this jurisdiction between Plaintiff and Defendant regarding Plaintiff's alleged violation of Defendant's purported trademark rights. This action further arises under the Lanham Act 15 U.S.C. § 1051, et. seq. Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTS COMMON TO ALL COUNTS

**A. Plaintiff InterSearch Group, Inc. and its Various Businesses**

**I. Plaintiff and its Internet Search Services Business**

6. Since at least as early as November 2004, Plaintiff has used its name and the mark INTERSEARCH for providing Internet search services and related activities.

7. Plaintiff provides Internet search services through a combination of traffic aggregation and proprietary web sites.

8. Plaintiff operates in various areas of Internet commerce, including paid search, direct navigation, and online marketing, driving high quality traffic to advertisers and providing users with quick access to pertinent products.

9. Plaintiff maintains an Internet web site at www.intersearch.com where it promotes and advertises its search services. Printouts from its web site are attached as Exhibit A.

10. Plaintiff has spent a substantial amount of time and resources in promoting services under the name and mark INTERSEARCH.

11. Plaintiff has made significant sales of services under the name and mark INTERSEARCH. In 2006, Plaintiff had revenue exceeding $25 million.

12. Plaintiff is a publicly traded company with its shares listed on the American Stock Exchange under the symbol IGO.

13. As a result of its widespread use, the INTERSEARCH name and mark has acquired substantial consumer goodwill and it represents a valuable asset for Plaintiff.

14. On May 21, 2005, Plaintiff filed an application to register the mark INTERSEARCH with the U.S. Patent and Trademark Office under official serial number 78/591,286 (hereinafter referred to as the "Application"). A copy of the Application is attached as Exhibit B. The application covers, among other things, internet search engine services in International Class 42.

15. The Application has been approved for publication by the Examining Attorney in the U.S. Patent and Trademark Office and published without opposition from third parties.

## II. Plaintiff and its Corporate Services Business

16. Plaintiff provides Internet technology professional services in the areas of information technology and search engine marketing to companies primarily in the financial services industry.

17. Plaintiff helps its clients achieve higher efficiency and performance, as well as lower operating costs, by ensuring that they have the proper employees, technologies and processes.

18. Since at least as early as January 2002, Plaintiff has provided professional consultation, staff augmentation and training services to its clients.

19. Plaintiff provides rigorous employment screening searches for its clients. Candidates selected by Plaintiff are of high caliber with specialized backgrounds and confirmed credentials.

20. Mandatory screening provided by Plaintiff includes a check of relevant project specific employment references, a criminal background check, education verification, a credit report check, social security verification and driving record verification.

21. Upon request, Plaintiff screens candidates for professional license and credentials verification, professional liability insurance verification, drug use and sex offender registry status.

22. Plaintiff actively promotes its services through its Corporate Services business through its Internet web site located at www.corp.intersearch.com. A printout of the home page is attached as Exhibit C.

23. Plaintiff owns, by assignment, U.S. Registration No. 2,064,772 of the mark INTERSEARCH (hereinafter referred to as the "'772 Registration"). A printout of the '772

Registration showing title in the name of Plaintiff is attached as Exhibit D.

24. The '772 Registration covers business marketing consulting services, market research services and conducting consumer surveys. It is active, subsisting and in full force and effect.

25. Plaintiff has recently filed an application to renew the '772 Registration. A copy of the renewal application (hereinafter referred to as the "Renewal Application") with its specimen of use is attached as Exhibit E.

26. The U. S. Patent and Trademark Office has accepted the Renewal Application. A copy of the Notice of Acceptance is attached as Exhibit F.

27. The '772 Registration evidences Plaintiff's exclusive right to use the mark INTERSEARCH for the services named therein.

### III. Plaintiff and its Dispute with Conex over Rights to the mark INTERSEARH for Executive Search and Human Resource Services

28. By letter dated March 30, 2005, a company named Conex Incorporated (hereinafter referred to as "Conex"), through its attorneys at the law firm of Reiss, Eisenpress & Eisenberg in New York, sent a demand letter to Plaintiff alleging trademark infringement in connection with use of the mark INTERSEARCH for executive search and human resource services. A copy of the letter is attached as Exhibit G.

29. Following receipt of the letter shown in Exhibit G, Plaintiff and Conex discussed, but did not resolve, the dispute.

30. Upon information and belief, Conex retained new counsel to help it resolve the dispute with Plaintiff. By letter dated June 20, 2005, Conex, through the law firm of Morrison & Foerster LLP in San Francisco, sent a further demand letter to Plaintiff. A copy is attached as

{00837859.1}
-5-

Exhibit H.

31.     The demand letter shown in Exhibit H expressly stated that Conex owned federal registrations for the INTERSEARCH mark including U.S. Registration Nos. 1,125,849, 2,531,787 and 2,346,993 (hereinafter collectively referred to as the "Registrations") and that it had been using that mark in connection with executive recruitment services.

32.     Conex had previously informed Plaintiff that Conex wished to sell the mark INTERSEARCH to others and that the activities of Plaintiff hampered that effort. Conex and Plaintiff subsequently amicably resolved their dispute by an agreement for Plaintiff to purchase the rights of Conex in the mark INTERSEARCH.

33.     Conex and Plaintiff entered into a written settlement agreement in August of 2005 (hereinafter referred to as the "Agreement"). A copy of the Agreement is attached as Exhibit I.

34.     Under the Agreement, Conex represented that it is the sole owner of all right, title and interest in the mark INTERSEARCH in the Registrations.

35.     Plaintiff had no reason to doubt that Conex owned all right, title and interest in the mark INTERSEARCH in the Registrations since, among other things, Conex was the record owner of the Registrations and was represented by a well-known national law firm in negotiating the Agreement.

36.     The Agreement included an assignment of the Registrations as Exhibit A ("the Assignment"). As a bona fide purchaser, Plaintiff promptly recorded the Assignment in the Assignment Branch of the U.S. Patent and Trademark Office at Reel 3222, Frame 0696 on September 12, 2005. A printout from the web site of the Assignment Branch of the U.S. Patent and Trademark Office is attached as Exhibit J.

37. Based, in part, upon the representations made by Conex, the reputation of its counsel, the file history with the U.S. Patent and Trademark Office and the recorded Assignment of the Registrations from Conex to Plaintiff, Plaintiff has continued in good faith to use the name and mark INTERSEARCH for providing professional consultation, staff augmentation and training services.

### B. Defendant and its Claimed Rights in the mark INTERSEARCH for Executive Search and Human Resource Services

38. Upon information and belief, Defendant is an organization that provides links on the internet to the web sites of executive search and human resource consulting firms located in various countries around the world.

39. Upon information and belief, Defendant provides its Internet linking services through the web site at www.intersearch.org.

40. Upon information and belief, Defendant has never registered or applied to register its name or mark INTERSEARCH in the United States.

41. Upon information and belief, Defendant has not taken the requisite steps to protect its name or mark INTERSEARCH in the United States.

42. On December 19, 2006, Defendant, through its attorneys, sent a letter to Plaintiff, alleging that Conex was a licensee of Plaintiff and that Conex had no right to assign the Registrations to Plaintiff. A copy of the letter is attached as Exhibit K.

43. In the letter shown in Exhibit K, Defendant alleges that Plaintiff adopted the name InterSearch long after Conex began using the INTERSEARCH mark on personnel, placement, recruitment and the other services (hereinafter collectively referred to as the "Services") identified in the Registrations and that, as a result, Defendant has prior rights to the INTERSEARCH mark for

{00837859.1}

such services.

44. In the letter shown in Exhibit K, Defendant further alleges that Plaintiff's use of the mark INTERSEARCH in connection with the Services infringes the rights of Defendant in violation of state and federal trademark and unfair competition laws. The letter demands, among other things, that Plaintiff assign the Registrations to Defendant and agree to refrain from using and registering the mark in connection with the Services.

45. Since receiving the letter shown in Exhibit K, Plaintiff has tried without success to resolve the instant dispute with Defendant.

46. Defendant continues to insist that Plaintiff assign the Registrations and discontinue using and registering the name and mark INTERSEARCH for the Services.

47. Defendant has filed extensions of time to oppose Plaintiff's U.S. Application Serial Number 76/658,774 of the mark INTERSEARCH for a wide variety of goods and services including, among other things, employment recruiting, screening, evaluation, placement and staffing services in International Class 35.

## THE JUSTICIABLE CONTROVERSY BETWEEN THE PARTIES

48. By reason of the foregoing, Plaintiff has been made to suffer a reasonable apprehension that it will be sued for trademark infringement and related causes of action if it continues to use and register the mark INTERSEARCH for employment related services.

## COUNT I

## DECLARATORY JUDGMENT OF TRADEMARK OWNERSHIP

49. Plaintiff repeats and realleges the averments contained in Paragraphs 1 through 48 of this Complaint as if fully set forth herein again.

50. This is a claim for declaratory judgment that Plaintiff is the owner of the mark INTERSEARCH in U.S. Registration Nos. 1,125,849, 2,531,787 and 2,346,993 for the services covered therein, having legitimately acquired all right, title and interest thereto from Conex.

51. Plaintiff is under a real and imminent threat that Defendant will bring suit against it in the immediate future based on Defendant's claim that Defendant is the true owner of the mark INTERSEARCH for executive search and human resource services.

52. By reason of the foregoing, Plaintiff is being threatened with damage by Defendant in the manner set forth above and will continue to be threatened with damage unless a declaratory judgment issues precluding Defendant from suing Plaintiff based upon the aforesaid acts.

53. Plaintiff has no adequate remedy at law.

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

54. Plaintiff repeats and realleges the averments contained in Paragraphs 1 through 48 of this Complaint as if fully set forth herein again.

55. This is a claim for declaratory judgment that Plaintiff's use of the name and mark INTERSEARCH for providing professional consultation, staff augmentation and training services as alleged above do not infringe and have never infringed any trademark rights purportedly owned by Defendant in the mark INTERSEARCH.

56. Plaintiff is under a real and imminent threat that Defendant will bring suit against it in the immediate future for trademark infringement and related causes of action.

57. By reason of the foregoing, Plaintiff is being threatened with damage by Defendant in the manner set forth above and will continue to be threatened with damage unless a declaratory judgment issues precluding Defendant from suing Plaintiff based upon the aforesaid acts.

58. Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. A declaration that Plaintiff is the owner of all right, title and interest in and to the trademark INTERSEARCH in U.S. Registration Nos. 2,531,787, 2,346,993 and 1,125,849 for the services covered therein.

B. A declaration that Plaintiff's use of the name and mark INTERSEARCH for providing professional consultation, staff augmentation and training services through its InterSearch Corporate Services Division do not infringe any trademark rights owned by Defendant.

C. An award to Plaintiff of its costs in this action including its reasonable attorneys' fees; and

D. Such other and further relief as the Court may deem just and proper.

Dated: May 3, 2007
New York, New York

Respectfully submitted,

_/s/_

Robert C. Faber
Peter S. Sloane
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036-8403
Telephone: (212) 382-0700
Attorneys for Plaintiff

{00837859.1}
-10-