# Exhibit C

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| INTERSEARCH WORLDWIDE LIMITED, | ) ) ) |
| Opposer, | ) ) Opposition No. _____ ) |
| v. | ) Serial No. 76/658774 ) ) |
| INTERSEARCH GROUP, INC., | ) ) |
| Applicant. | ) Attorney Docket No. 480243.801 ) |

### NOTICE OF OPPOSITION

Opposer InterSearch Worldwide Limited ("Opposer"), which has a place of business at The Old Council Chambers, Halford Street, Tamworth, Staffordshire B79 7RB, United Kingdom, believes that it would be damaged by registration of the mark INTERSEARCH shown in United States Trademark Application Serial No. 76/658774 filed by InterSearch Group, Inc. ("Applicant") and published for opposition on December 26, 2006. Opposer therefore opposes registration of that mark.

Opposer has requested and received extensions of time to June 24, 2007 within which to oppose the application.

The grounds for this Opposition are as follows:

1.      Opposer is a worldwide organization of personnel recruitment and human resources consultancy firms, incorporated in the United Kingdom, and currently

1

represented in 45 countries, including the United States. Opposer is ranked by industry publications as one of the top fifteen executive search practices in the world. Opposer's member firms are shareholders in Opposer and may use Opposer's INTERSEARCH mark, trade name, style and logo with the permission and authorization of Opposer. There is only one shareholder in each country, and each such shareholder is the exclusive licensee of Opposer's INTERSEARCH trademark in that country. Opposer's shareholders use the mark INTERSEARCH to identify themselves as members of the organization and to promote and market their executive search and consultancy services.

2. Commencing at least as early as June 1, 1989, well prior to the filing date of Applicant's intent-to-use application, Opposer's predecessor-in-interest and licensee in the United States, Conex, Inc. ("Conex"), used the mark INTERSEARCH in connection with personnel placement and recruitment and related services. At least as early as October 25, 2000, Conex began using the INTERSEARCH mark for services including on-line executive search and human resources consultation services featuring information regarding salary, posting of resumes, searches for candidates, and global matching of candidates and employers.

3. Conex applied for and received United States Trademark Registration No. 2,346,993 (the "'993 Registration") for "personnel placement and recruitment" in International Class 35. The registration issued May 2, 2000, based on a filing date of April 9, 1999 and a date of first use of June 1, 1989.

4. Conex applied for and received United States Trademark Registration No. 2,531,787 (the '787 Registration") for "on-line executive search and human resources consultation services featuring information regarding salary, posting of resumes, searches for candidates, global matching of candidates and employees" in International Class 35. That registration issued January 22, 2002, based on a filing date of November 6, 2000, and a date of first use of October 25, 2000.

2

5. Conex acquired by assignment United States Trademark Registration No. 1,125,849 (the "'849 Registration") for "employee information services, specifically evaluation of qualifications, skills and interests of prospective job applicants, matching same with listings of job opportunities provided by employers, and providing biographical data of likely candidates to employers." The registration issued October 9, 1979, based on a filing date of March 6, 1978 and a date of first use of January 1978.

6. On May 23, 2003, Opposer and Conex entered into an agreement ("2003 Agreement"). Under the terms of the 2003 Agreement, Conex and Opposer confirmed that the INTERSEARCH name, mark and logo used by Conex were the property of Opposer and that Conex, as a shareholder member of Opposer, was permitted to use the INTERSEARCH name, mark and logo in the United States only by permission of Opposer and only for so long as Conex remained a member of Opposer. Conex and Opposer further agreed that Conex's right to use the INTERSEARCH mark would cease upon termination of Conex's membership in Opposer.

7. Under the terms of the 2003 Agreement, Conex's use of Opposer's INTERSEARCH mark, including but not limited to its use of the mark for the services described in the '993, '787 and '849 Registrations, inured to Opposer's benefit. Opposer is the owner of the goodwill and all common law rights in the INTERSEARCH mark as used by Conex in the United States.

8. Given its agreement that the INTERSEARCH mark belonged to Opposer and that it was only authorized to use the mark as a licensee, Conex was obligated to assign the '993, '787 and '849 Registrations to Opposer, but failed to do so. On or about August 26, 2005, Conex terminated its membership in Opposer. Upon information and belief, prior to terminating its contractual relationship with Opposer, Conex entered into an agreement with Applicant and signed a written document, dated August 23, 2005 and

recorded with the United States Patent and Trademark Office on September 12, 2005, purporting to assign the '993, '787 and '849 Registrations from Conex to Applicant.

9. Conex used Opposer's INTERSEARCH mark only as authorized by Opposer and any prior rights Conex may have claimed in the INTERSEARCH mark were confirmed as Opposer's property by the terms of the 2003 Agreement. Any purported assignment of the '993, '787 and/or '849 Registrations from Conex to Applicant is invalid because at the time the registrations were purportedly assigned, Conex was not the rightful owner of the INTERSEARCH mark or any of the goodwill associated with the mark for the services described in the registrations.

10. Upon information and belief, Applicant was not a bona-fide purchaser of the INTERSEARCH mark and associated trademark registrations because at the time Applicant entered into its agreement with Conex, Applicant was aware of Conex's relationship with Opposer and knew that Conex did not own any assignable rights in the INTERSEARCH mark.

11. As a result of the use and promotion of Opposer's INTERSEARCH mark in the United States and worldwide, the mark has become well-known in the United States and is recognized as identifying high-quality services of Opposer. The INTERSEARCH mark and the associated goodwill are valuable assets of Opposer.

12. Opposer's INTERSEARCH mark symbolizes extensive goodwill and consumer recognition developed through several years of continuous use of the mark, substantial sales of services under the mark, and substantial advertising, promoting and popularizing of the mark in the United States and worldwide. Opposer's INTERSEARCH mark has achieved a high degree of public recognition and renown in the field of personnel placement and recruitment services.

13. Applicant has applied on an intent-to-use basis for registration of the mark INTERSEARCH in International Class 35 for "Advertising and marketing; advertising

consultation services; business advisory services; gathering and providing marketing data; employment recruiting, screening, evaluation, placement, and staffing services; providing on-line employment placement services, namely, candidate and employer matching services via a global computer network; management services in the field of domain name registrations; management services in the fields of software and computer technology; management and compilation of computerized databases; providing online directory information services also featuring hyperlinks to other websites; consulting services relating to web site marketing and web site revenue generation."

14. The services described in Applicant's application as "employment recruiting, screening, evaluation, placement, and staffing services" and "providing on-line employment placement services, namely, candidate and employer matching services via a global computer network" are so closely related to Opposer's personnel placement and recruitment services that confusion is likely to result if Applicant uses the INTERSEARCH mark for such services. Furthermore, the identification of "business advisory services" in Applicant's application is sufficiently broad to potentially encompass services that are likely to be confused with those of Opposer.

15. The mark INTERSEARCH shown in Applicant's application is confusingly and deceptively similar to Opposer's INTERSEARCH mark, such that the trade and purchasing public will be confused by and deceived into believing that Applicant's services originate with Opposer, or are otherwise authorized by, sponsored by, licensed by, affiliated with, or associated with Opposer.

16. In view of the similarity of the parties' respective marks and their respective services, Applicant's mark INTERSEARCH mark so resembles Opposer's INTERSEARCH mark that Applicant's use and registration of its proposed mark is likely to cause confusion, or to cause mistake or to deceive.

17. By reason of all of the foregoing, Opposer would be greatly damaged by the registration of the mark INTERSEARCH to Applicant.

WHEREFORE, Opposer prays that this Opposition be sustained and the application be denied and the mark refused registration.

<u>Correspondence Address</u>

Please direct all communications to:

Lorraine Linford
SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104.

DATED this 25th day of June, 2007.

Respectfully submitted,

SEED IP Law Group PLLC

Lorraine Linford
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900
Fax: (206) 682-6031

Attorneys for Opposer

975018_1.DOC