Brian McQuillen (BM 9220)
Vanessa C. Hew (VH 4617)
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1000
Fax: (212) 692-1020

Lorraine Linford (pro hac application filed)
Timothy L. Boller (pro hac application filed)
**SEED IP LAW GROUP PLLC**
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
Tel: (206) 622-4900
Fax: (206) 682-6031

ATTORNEYS FOR DEFENDANTS
INTERSEARCH WORLDWIDE, LTD.
COOK ASSOCIATES, INC.

Juris Kins (pro hac application to be filed)
**DAVIS McGRATH LLC**
125 S. Wacker Dr., Suite 1700
Chicago, Illinois 60606
Tel: (312) 332-3033
Fax: (312) 332-6376

ATTORNEYS FOR DEFENDANT
COOK ASSOCIATES, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERSEARCH GROUP, INC.<br><br>Plaintiff,<br><br>-against-<br><br>INTERSEARCH WORLDWIDE LTD. and COOK ASSOCIATES, INC.<br><br>Defendants. | Civil Action No. 07 CIV 03545 (DAB) (KNF)<br><br>DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA<br><br>ORAL ARGUMENT REQUESTED |

## TABLE OF CONTENTS

I. Summary of Reply Argument in Support of Motion to Dismiss .... 1

II. Brief Summary of Status of the Two Pending Cases .... 3

III. Issues of Personal Jurisdiction Will Continue to Haunt the Declaratory Judgment Action in New York .... 3

- A. IGO'S Speculations Regarding Cook Are Not Supported by the Evidence .... 3
- B. IGO's New Allegation of an Office in New York Does Not Resolve the Jurisdictional Issues Raised by the Declaratory Judgment Action .... 6
- C. IGO Ignores Its Release of All Claims Against Conex .... 7

IV. The First-Filed Rule Does Not Apply to the First Amended Complaint .... 7

V. IGO Distorts the Facts in Urging the Court to Mechanically Apply the First-Filed Rule .... 8

VI. Conclusion .... 10

# TABLE OF AUTHORITIES

## CASES

*Aerotel, Ltd. v. Sprint Corp*, 100 F. Supp. 2d 189 (S.D.N.Y. 2000) .......... 7

*Albertfurstvonthurn v. Karl Prince Von Thurn Und Taxis*, 2006 WL 2289847 (S.D.N.Y. 2006) (DAB) .......... 5

*Citigroup, Inc. v. City Holding Company*, 97 F. Supp. 2d 549 (S.D.N.Y. 2000) .......... 5

*Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108 (2d Cir. 2001) .......... 2, 9

*Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119 (8th Cir. 1985) .......... 1, 5

*Panavision v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) .......... 6, 7

*William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177 (2d Cir. 1969) .......... 9

## STATUTES

15 U.S.C. § 1117 .......... 10

18 U.S.C. § 2201 .......... 10

## RULES

37 C.F.R. §§ 2.101 .......... 8

37 C.F.R. §§ 2.102 .......... 8

Fed. R. Civ. P. 12(b)(1) .......... 10

Fed. R. Civ. P. 12(b)(2) .......... 10

Fed. R. Civ. P. 15 .......... 2, 7

Fed. R. Civ. P. 4(m) .......... 8

N.D. Cal. Rule 3-13 .......... 3

## I. SUMMARY OF REPLY ARGUMENT IN SUPPORT OF MOTION TO DISMISS

The issue facing this Court, where Plaintiff Intersearch Group, Inc.'s ("IGO") action is pending (the "Declaratory Judgment Action"), and the District Court for the Northern District of California, where Defendant InterSearch Worldwide, Ltd.'s ("InterSearch") action on the merits is pending (the "California Action"), is whether it serves judicial economy and the interests of justice to resolve this dispute in a single forum, and if so, which forum, New York or California, is more appropriate. The answer is yes, this dispute should be resolved in a single forum, and that forum is the Northern District of California.

IGO opposes the motion of InterSearch and newly added Defendant Cook Associates, Inc. ("Cook") to dismiss the Declaratory Judgment Action by urging the Court to apply the law in a piecemeal and mechanical fashion, and by presenting a confusing and inaccurate picture of the facts. Both comity and the first-to-file rule, however, are designed to be applied flexibly and in view of the totality of the circumstances. When two district court cases are pending, courts do not limit themselves to considering whether a *prima facie* showing of jurisdiction might be made or make their decision based on technicalities. When all of the facts of this case are considered, it is clear that the appropriate forum for resolving this dispute is California.

Specifically, the Declaratory Judgment Action in New York is subject to, and will continue to be subject to, personal jurisdiction challenges, which may ultimately require dismissal of some or all of the claims after years of litigation. In contrast, the California Action is not subject to any personal jurisdiction challenges. Under such circumstances, the interests of judicial economy are best served if this dispute is resolved in a single action in California, where Plaintiff IGO has its principal offices and where no personal jurisdiction issues arise. *See, e.g., Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (declining to follow first-to-file rule or consider personal jurisdiction issues stating "we hesitate to construe the limits of Minnesota's long-arm statute when the identical lawsuit is proceeding without jurisdictional problems in Wisconsin"). *See also Fort Knox Music, Inc. v. Baptiste*, 257 F.3d

108, 112 (2d Cir. 2001) (*Fort Knox IV*) (district court order transferring case for lack of personal jurisdiction not reviewable).

    IGO essentially presents three arguments regarding personal jurisdiction, none of which clearly remove personal jurisdiction as an issue, let alone meet IGO's burden of establishing a *prima facie* case that might allow IGO to avoid outright dismissal in other circumstances. IGO first makes unfounded and incorrect speculations regarding Cook's activities in New York – speculations that are not supported by the evidence to which IGO points, and are directly contradicted by the testimony of witnesses with personal knowledge of the facts. IGO next mentions <u>for the first time</u> that IGO has a New York office and appears to assert a novel tort theory of liability that, in addition to violating the Due Process Clause here, would confer personal jurisdiction on New York courts over <u>every</u> party to a trademark dispute as long as <u>any</u> party had an office in New York. IGO then makes vague references to Conex, but conveniently ignores its release of all claims against Conex. IGO has failed to show that personal jurisdiction will not continue to haunt the Declaratory Judgment Action in New York.

    IGO goes on to pretend that personal jurisdictional issues do not exist in New York and urges a mechanical application of the first-to-file rule based on misleading facts. However, as noted in Defendants' opening memorandum ("Mem."), the First Amended Complaint should no longer be considered a first-filed action. Mem. at 16. IGO attempts to invoke the relation-back provisions of Rule 15, but does not meet the requirements of Rule 15, as discussed in more detail below. In any event, the facts and the law are clear and demonstrate not only that personal jurisdiction issues will continue to exist in New York, but also that a mechanical application of the first-filed rule (assuming, *arguendo* it is still applicable to the First Amended Complaint) is inappropriate under the facts of this case. Thus, Defendants' Motion to dismiss should be granted, and, in the alternative, any claims that are not dismissed outright should be transferred to the Northern District of California.

This Reply is supported by the pleadings and declarations on file, including the concurrently filed Supplemental Declaration of Ms. Lorraine Linford and the Declaration of Mr. John Kins, as well as the exhibits attached thereto.

## II.    BRIEF SUMMARY OF STATUS OF THE TWO PENDING CASES

InterSearch and Cook filed the present motion to dismiss the Declaratory Judgment Action, or in the alternative to transfer any remaining claims to the Northern District of California. IGO opposed the present motion and moved to dismiss the California Action. When the California Action was reassigned to the Honorable Saundra Brown Armstrong, the further filing and hearing dates for IGO's Motion were vacated, and to date have not been rescheduled, although a Case Management Scheduling Order has been entered. InterSearch filed a Notice in the California Action of the Declaratory Judgment Action pursuant to Local Rule 3-13, which requires parties to provide notice of related actions and authorizes the Court to issue appropriate orders after the time for filing a response has passed. IGO did not respond to the Notice and the time for doing so has passed. The two cases have not otherwise proceeded beyond initial pleadings. Linford Supp. Decl., ¶¶ 2-7, Exhibit 1.

## III.    ISSUES OF PERSONAL JURISDICTION WILL CONTINUE TO HAUNT THE DECLARATORY JUDGMENT ACTION IN NEW YORK

### A.    IGO'S Speculations Regarding Cook Are Not Supported by the Evidence

In IGO's Opposition papers ("Opp'n"), IGO falsely states that "the Cook officer principally responsible for the business associated with the mark INTERSEARCH, the mark in dispute in the trademark infringement action, is based in New York." Opp'n at 1, 7-8. IGO cites the Declaration of Peter Sloane, ¶¶ 15-17, which refers to Ms. Susan Denison of Cook's New York Office and Exhibits F-I of Mr. Sloane's declaration. IGO's assertions, however, are flatly contradicted by the exhibits upon which Mr. Sloane relies, as well as by the sworn testimony of people with personal knowledge of the facts. *See* Kins Decl., ¶¶ 4-10. *See also* Mem. at 5-6. Each of the Exhibits to which IGO and Mr. Sloane point in making the false assertion set forth above will be addressed in turn.

Exhibit F to Mr. Sloane's declaration is a printout from InterSearch's website that identifies members and partners of InterSearch. The last page of Exhibit F to Mr. Sloane's declaration contains an example of two such identifications: the partner in the United Kingdom is identified as BRECKENRIDGE INTERSEARCH, while the partner in the United States is identified as COOK ASSOCIATES, INC. Sloane Decl., Exhibit F, page 15 of 15. While Exhibit F lists New York as one of Cook's offices, inquiries are directed to Mr. John Kins and Ms. Mary Kier of Cook's Chicago Office and to Cook's Chicago telephone numbers and email addresses. *Id. See also* Kins Decl., ¶¶ 4, 8. Neither Ms. Denison, nor any other employees of Cook's New York Office, are mentioned in Exhibit F. Sloane Decl., Exhibit F. *See also* Kins Decl., ¶ 8.

Exhibit G to Mr. Sloane's Declaration is a printout from Cook's website of a page describing Cook's global operations and InterSearch. The COOK ASSOCIATES, INC. mark is prominently displayed on Exhibit G. Ms. Denison and New York are not mentioned in Exhibit G. Instead, inquiries are directed to Mr. John Kins at Cook's Chicago Office, telephone number and email address. Sloane Decl., Exhibit G. *See also* Kins Decl., ¶ 9.

Exhibit H to Mr. Sloane's Declaration is a printout from Cook's website of a biography of Ms. Denison. The COOK ASSOCIATES, INC. mark is prominently featured on Exhibit H. Ms. Denison is identified as "<u>a</u> Managing Director with the Executive Search division of <u>Cook Associates, Inc.</u>" Sloane Decl., Exhibit H (emphasis added). Neither the trade name InterSearch, nor the mark INTERSEARCH, appear anywhere in Exhibit H, and Ms. Denison is not in any way identified in Exhibit H to Mr. Sloane's declaration as "the Cook officer principally responsible for the business associated with the mark INTERSEARCH." *Id.* Ms. Denison in fact is <u>not</u> responsible for Cook's relationship with InterSearch. <u>All</u> of InterSearch's contacts with Cook are made through Mr. Kins and Ms. Kier of Cook's Chicago Office. Kins Decl., ¶ 4. Exhibit I is a picture of the Board Members of InterSearch in New York. IGO makes no attempt to connect the picture or activities associated with the picture to its declaratory judgment claims or to its belated infringement claims against InterSearch.

Thus, the evidence, including the evidence upon which IGO relies, shows that InterSearch coordinates its U.S. activities through the Chicago Office of a Chicago-based company. Accordingly, there is no evidence of contacts sufficient to create personal jurisdiction in New York over IGO's claims against InterSearch.

Defendants note that the cases which IGO cites either support Defendants' position or are readily distinguishable from the facts of this case. Most of the cases are distinguishable because they do not involve two pending actions in two federal courts addressing identical issues with one of the two cases being subject to continuing jurisdictional challenges and an anticipatory filing. When two cases are pending before two federal courts, questions of comity can justify dismissal even if personal jurisdiction exists. *See, e.g.*, Mem. at Section IV and the cases discussed therein. *See also Orthmann*, 765 F.2d at 121 (refusing to even consider appeal of decision on personal jurisdiction issue by Minnesota district court where no such issues existed in co-pending action in Wisconsin district court). Defendants also note that IGO has made a bald assertion that estoppel applies, without making any attempt to satisfy the elements of estoppel.

Moreover, the cases cited by IGO that found a *prima facie* case of personal jurisdiction involved substantially more specific factual allegations than made here, and the factual allegations in those cases are supported by, rather than contradicted by, the cited evidence. *See, e.g.*, *Albert Furst Von Thurn und Taxis v. Karl Prince Von Thurn Und Taxis*, 04 Civ. 6107, 2006 WL 2289847 (S.D.N.Y. August 8, 2006) (DAB) (noting website did not distinguish between defendants or the geographical regions in which they operated). In contrast, the exhibits upon which IGO relies clearly indicate that InterSearch (a worldwide organization) and Cook (its U.S. member/partner) are separate entities, and define different geographical areas of operation for each of InterSearch's partners. See Sloane Decl., Exhibit F. Similarly, in *Citigroup, Inc. v. City Holding Company*, 97 F. Supp. 2d 549 (S.D.N.Y. 2000), the plaintiff made no attempt to lead defendants into settlement negotiations, the defendants operated an interactive website and sent direct mail into New York, and one defendant was wholly-owned subsidiary of the other. Further, the cases IGO cites to support seeking additional discovery (See Opp'n at 13) do not

support IGO's position because those cases were supported by specific allegations and the evidence. Here, IGO fails to put forth sufficient facts to even justify jurisdictional discovery.

**B. IGO's New Allegation of an Office in New York Does Not Resolve the Jurisdictional Issues Raised by the Declaratory Judgment Action**

IGO mentions for the very first time that it has an office in New York. IGO did not advise InterSearch that IGO had an office in New York when InterSearch inquired as to why IGO was refusing to litigate this matter in San Francisco – where IGO has its principal offices and the place to which the Seattle Demand Letter that prompted the Declaratory Judgment Action was sent. When asked, IGO provided no reason at all as to why IGO thought New York, rather than California, was a more appropriate forum. IGO did not even mention its New York Office in the Motion to Dismiss IGO filed in California. Linford Supp. Decl., ¶¶ 8, 9. Further, IGO provides many services under the INTERSEARCH mark, only some of which are at issue in this litigation. IGO has not identified which services are provided out of its New York office. Thus, while IGO has admitted it has an office in New York and appears to admit that New York has jurisdiction over IGO (see Opp'n at 1), IGO has not expressly admitted that New York has jurisdiction over InterSearch's California-based claims against IGO or expressly agreed to waive any personal jurisdiction defenses to such claims. In contrast, InterSearch and Cook have expressly waived personal jurisdiction defenses in California to IGO's claims against them.

Assuming, *arguendo*, IGO's office in New York resolves any personal jurisdiction issues over InterSearch's California claims against IGO, the converse is not true. IGO's office in New York does not establish personal jurisdiction in New York over InterSearch. It does not convert the Seattle Demand Letter into an action by InterSearch directed at IGO in New York. Thus, there is still no personal jurisdiction over IGO's original declaratory claims.

With regard to the First Amended Complaint, any trademark injury to IGO occurs in California, where IGO has its principal offices, not in New York. *See Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1321-1322 (9th Cir. 1998) (trademark infringement causes injury in the owner's principal place of business). Assuming New York's long-arm statute will stretch so far

as to cover every location of a trademark owner and not just the owner's principal location (an absurd argument because it would create personal jurisdiction in trademark matters over a defendant in any location in which the plaintiff has an office), the Due Process Clause would still require InterSearch to do "something more" in New York related to the claim. *See Panavision*, 141 F.3d at 1321-22. IGO has not shown InterSearch has done "something more" in New York related to IGO's infringement claims against InterSearch. Thus, IGO's novel tort theory does not establish personal jurisdiction in New York over InterSearch.

### C. IGO Ignores Its Release of All Claims Against Conex

The law is clear that Conex's released activities cannot form the basis for a claim against InterSearch. See Mem. at 12. IGO cites no case law to the contrary and makes no claims against InterSearch based on Conex's activities. To the extent IGO argues InterSearch's subsequent activities constitute infringement, Conex was not involved in those activities. Thus, InterSearch's past relationship with Conex does not give rise to any of the current claims IGO raises against InterSearch.

## IV. THE FIRST-FILED RULE DOES NOT APPLY TO THE FIRST AMENDED COMPLAINT

IGO argues that the First Amended Complaint, which added new causes of action and new parties, should continue to be treated as a first-filed action under Rule 15. The First Amended Complaint, however, does not satisfy at least three of the four requirements of Rule 15 as set forth in *Aerotel, Ltd. v. Sprint Corp*, 100 F. Supp. 2d 189, 195 (S.D.N.Y. 2000) for an amended complaint to have the benefit of the original filing date. First, there are no allegations in the original Complaint that InterSearch was infringing IGO's rights in the InterSearch mark. Second, Cook cannot have known (or even been able to guess) that infringement claims, which were not brought in the Complaint, should have been brought against Cook instead of InterSearch. Third, Cook was not actually notified within the 120-day period prescribed by Rule 4(m). The Complaint was filed on May 3, 2007. The First Amended Complaint was not served until September 21, 2007 – one-hundred and forty-one days later, and was the first time IGO ever

mentioned Cook. See Mem. at 9. Thus, the Declaratory Judgment Action should no longer be treated as a first-filed action.

## V. IGO DISTORTS THE FACTS IN URGING THE COURT TO MECHANICALLY APPLY THE FIRST-FILED RULE

IGO has made telling omissions from its version of the facts and has made misleading statements regarding additional facts. These omissions and misleading statements further establish that IGO's Declaratory Judgment Action was an improper anticipatory filing, and thus a case where the first-filed rule should not be followed mechanically even assuming the Declaratory Judgment Action still qualifies as a first-filed action (it does not).[1]

IGO asserts that it "refrained from serving" the Complaint when it was filed because the parties were discussing settlement. Opp'n at 6; O'Donnell Decl., ¶ 27. Tellingly, IGO fails to mention that it did not even advise InterSearch it had filed the Complaint, but instead continued to engage in settlement negotiations. See Mem. at 7. Thus, unlike the cases IGO cites, here IGO continued to lead InterSearch into believing IGO wanted to negotiate rather than litigate.

IGO points to InterSearch's filing of a request for an extension of time to oppose IGO's trademark application on January 23, 2007 as evidence that InterSearch was taking the first steps toward litigation. Opp'n at 6. Oppositions to trademark applications are subject to strict deadlines. *See* 37 C.F.R. §§ 2.101, 2.102. By filing a request for an extension of time, instead of opposing IGO's application, InterSearch was acting consistent with continuing settlement negotiations and with avoiding litigation. Linford Decl., ¶ 10-13. In addition, if IGO truly viewed the request as the first step toward litigation, IGO would not have waited more than three months later to file the Declaratory Judgment Action, and then kept the filing secret.

IGO next complains that InterSearch's counsel refused to accept service and forced IGO to serve the Complaint under the Hague Convention. Opp'n at 6-7. Service in the United

---

[1] IGO also makes incorrect statements of the law and facts regarding the merits (for example, incorrectly stating that IGO was a purchaser in good faith and that this alone is sufficient to establish ownership and setting forth an incorrect timeline). Such statements are not pertinent to the present motion, and Defendants reserve the right to respond at the appropriate time.

Kingdom under the Hague Convention can be done by express courier, and this is how IGO eventually served the Complaint a month and a half later. Thus, the refusal to accept service was not unreasonable or the cause of IGO's delay. Tellingly, IGO fails to mention that InterSearch's counsel at the same time suggested an in-person settlement conference, and that IGO continued to engage in settlement negotiations with InterSearch. See Mem. at 8.

IGO argues that the anticipatory complaint exception to the first-filed rule only applies when the plaintiff selects its home forum. While this may certainly be a common fact pattern, the case law does not state that it is a requirement, but instead urges a "flexible" approach. *See William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 179 (2d Cir. 1969). Significantly, Playtex, which sought to apply the first-filed rule in favor of a Georgia forum, had plants in Georgia, but was headquartered in New York. *Id.* at 178. Similarly, here IGO seeks to apply the first-filed rule to avoid litigating in its home forum, California.

IGO next argues that transfer is inappropriate because InterSearch has not made the appropriate showing that the balance of convenience for the parties and the witnesses favors California. However, InterSearch did set forth numerous factors demonstrating that California is the more appropriate and convenient forum. See Mem. at 17. Further, as discussed above, IGO's factual assertions are not supported by the exhibits upon which IGO relies. Moreover, IGO does not state, for example, that <u>its</u> witnesses are located in New York, only that it has an office in New York. In any event, IGO ignores the elephant in the room, the interest of judicial economy. Under the circumstances presented here, specifically the substantial jurisdictional questions raised and the anticipatory nature of IGO's Declaratory Judgment Action, the Court may enjoin, stay, or dismiss or transfer the matter *sua sponte*. *See, e.g., Fort Knox Music, Inc. v. Baptiste*, 139 F. Supp. 2d 505, 512 (S.D.N.Y. 2001) (*Fort Knox III*), *appeal dismissed*, *Fort Knox IV*. *See also* Mem., Section IV and the cases discussed therein.

## VI.   CONCLUSION

For the reasons stated above and in Defendants' Memorandum, Defendants ask the Court to dismiss IGO's First Amended Complaint in its entirety under either Rule 12(b)(1) or 12(b)(2), under the comity doctrine, or as an improper anticipatory filing pursuant to 18 U.S.C. Section 2201. In the alternative, InterSearch asks the Court to order any claims not dismissed from this case transferred to the Northern District of California, where Plaintiff IGO has its principal place of business and where there is already an action pending on the merits which does not suffer from the jurisdictional and venue issues of the present case. Defendants also ask the court to deem this case exceptional pursuant 15 U.S.C. Section 1117 and award attorneys' fees and costs to Defendants.

Dated:  New York, New York
        November 1, 2007

Respectfully submitted,

**DUANE MORRIS LLP**

Brian McQuillen (BM 9220)
Vanessa C. Hew (VH 4617)
1540 Broadway
New York, NY  10036-4086
Telephone:  (212) 692-1000

**SEED IP LAW GROUP PLLC**
Lorraine Linford (pro hac application filed)
Timothy L. Boller (pro hac application filed)
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
Telephone:  (206) 622-4900

Attorneys for Defendants Intersearch Worldwide, Ltd. and Cook Associates, Inc.

**DAVIS McGRATH LLC**
Juris Kins (pro hac application to be filed)
125 S. Wacker Dr., Suite 1700
Chicago, Illinois 60606
Telephone (312) 332-3033
Attorneys for Defendant Cook Associates, Inc.