Brian McQuillen (BM 9220)
Vanessa C. Hew (VH 4617)
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1000
Fax: (212) 692-1020

Lorraine Linford (pro hac application filed)
Timothy L. Boller (pro hac application filed)
**SEED IP LAW GROUP PLLC**
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
Tel: (206) 622-4900
Fax: (206) 682-6031

ATTORNEYS FOR DEFENDANTS
INTERSEARCH WORLDWIDE, LTD.
COOK ASSOCIATES, INC.

Juris Kins (pro hac application to be filed)
**DAVIS McGRATH LLC**
125 S. Wacker Dr., Suite 1700
Chicago, Illinois 60606
Tel: (312) 332-3033
Fax: (312) 332-6376

ATTORNEYS FOR DEFENDANT
COOK ASSOCIATES, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| INTERSEARCH GROUP, INC. | : | Civil Action No. 07 CIV 03545 (DAB) (KNF) |
| Plaintiff, | : | |
| -against- | : | SUPPLEMENTAL DECLARATION OF MS. LORRAINE LINFORD IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA |
| INTERSEARCH WORLDWIDE LTD. and COOK ASSOCIATES, INC. | : | |
| Defendants. | : | |

-------------------------------------------------------------X

1

I, LORRAINE LINFORD, hereby declare and state that:

1. I am a principal of the Seed Intellectual Property Law Group PLLC and lead counsel for Defendant InterSearch Worldwide, Ltd. ("InterSearch") in this matter. The following facts are true of my own knowledge unless otherwise stated.

2. Defendants InterSearch and Cook Associates, Inc., moved to dismiss the present action (the "Declaratory Judgment Action").

3. Plaintiff Intersearch Group, Inc. ("IGO") moved to dismiss the action on the merits that InterSearch filed in the Northern District of California, now assigned Case No. 07-CV-04634-SBA (the "California Action").

4. When the California Action was reassigned from a magistrate judge to the Honorable Saundra Brown Armstrong, the further filing and hearing dates for IGO's Motion to Dismiss the California Action were vacated, and to date have not been rescheduled, although a Case Management Scheduling Order has been entered.

5. InterSearch filed a Notice in the California Action of the Declaratory Judgment Action pursuant to Local Rule 3-13, which requires parties to provide notice of related actions and authorizes the Court to issue appropriate orders after the time for filing a response has passed. A copy of the Notice, without exhibits, is attached hereto as Exhibit 1.

6. IGO did not respond to the Notice and the time for doing so has passed.

7. The Declaratory Judgment Action and the California Action have not otherwise proceeded beyond initial pleadings.

8. As I indicated in my prior declaration, on September 10, 2007, I asked IGO's counsel to agree to litigate this dispute in San Francisco, where there are no personal jurisdiction issues and where IGO is located. IGO's counsel declined, stating the he considered New York to be the appropriate forum, but without providing a basis for this assertion. IGO's counsel did not advise me that IGO had an office in New York and provided no reason at all as to why IGO thought New York, rather than California, was a more appropriate forum.

9. IGO did not mention its New York Office in the Motion to Dismiss the California Action that IGO filed.

10. IGO points to InterSearch's filing of a request for an extension of time to oppose IGO's trademark application on January 23, 2007 as evidence that InterSearch was taking the first steps toward litigation. Opp. at 6.

11. I routinely practice before the Trademark Office and the Trademark Trial and Appeal Board. I understand Plaintiff's counsel, Peter Sloane, also regularly practices before the Trademark Office and the Trademark Trial and Appeal Board.

12. Oppositions to trademark applications must be filed within 30-days of publication of the application. *See* 37 C.F.R. § 2.101. In the alternative, a party may request an extension of time, instead of initiating an opposition proceeding. *See* 37 C.F.R. § 2.102.

13. When a party is engaged in settlement negotiations and an application publishes that the party may wish to oppose, it is typical for the party to request an extension of time to oppose, instead of initiating an opposition proceeding. Thus, InterSearch was acting consistent with continuing settlement negotiations and with avoiding litigation when it filed the request for an extension of time to oppose IGO's application.

14. I understand that Mr. Sloane has criticized me for citing a settlement letter and demand in my prior declaration. See Sloane Decl., ¶ 22. The letter was cited to explain the timing of InterSearch's filing of the California Action and to demonstrate that InterSearch had conferred with IGO prior to filing the present motion to dismiss. See Defendants' Memorandum at 8-9. It was not offered to prove liability for, invalidity of, or the amount of a claim that was disputed. Thus, the citation to the letter was a permitted use under R.R.E. 401. I note that the present motion is not a motion on the merits, and InterSearch did not call out the amount of the settlement offer in its pleading, only that the amount was significant enough to convince InterSearch that litigation would be necessary. I also note that IGO attached settlement communications to its filings. See Sloane Decl., Exhibits B and D.

15. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

EXECUTED at _Seattle_, _Washington_, this _1st_ day of November, 2007.

_____
Lorraine Linford

1053625_1.DOC

1  Lina M. Brenner (SBN 191075)
   **DUANE MORRIS LLP**
2  One Market, Spear Tower, Suite 2000
   San Francisco, CA 94105-1104
3  Telephone: 415.957.3000
   Facsimile: 415.957.3001
4  Email: lmbrenner@duanemorris.com

5  Lorraine Linford (prospective *pro hac vice*)
   Timothy L. Boller (prospective *pro hac vice*)
6  **SEED INTELLECTUAL PROPERTY LAW GROUP PLLC**
   701 5TH Avenue, Suite 5400
7  Seattle, WA 98104
   Telephone: 206.622.4900
8  Facsimile: 206.682.6031

9  Email: timb@seedip.com
          lorrainel@seedip.com
10
   Attorneys for Plaintiff
11 INTERSEARCH WORLDWIDE LTD.

12

13                IN THE UNITED STATES DISTRICT COURT

14              FOR THE NORTHERN DISTRICT OF CALIFORNIA

15                       SAN FRANCISCO DIVISION

16

| | |
|---|---|
| 17  INTERSEARCH WORLDWIDE LTD, a United Kingdom Corporation, | Case No.: C07 4634 MEJ |
| 18               Plaintiff, | **NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING** |
| 19       v. | |
| 20  INTERSEARCH GROUP, INC., a Florida corporation, | Complaint Filed: September 7, 2007<br>Trial Date:    None Set |
| 21 | |
| 22               Defendant. | |

23

24       Plaintiff InterSearch Worldwide, Ltd. ("InterSearch"), a United Kingdom corporation, hereby

25 provides notice pursuant to Local Rule 3-13 of the pendency of another action involving a material

26 part of the same subject matter and all of the parties to the present action that is pending before the

27 United States District Court for the Southern District of New York.

28 ///

                                              1

1     The defendant in this action, InterSearch Group, Inc. ("IGO"), a Florida Corporation with its
2 principal place of business in San Francisco, California, filed a declaratory judgment Complaint
3 against InterSearch in the Southern District of New York on May 3, 2007 (the "New York Action").
4 The New York Action was filed by IGO in response to a cease and desist demand sent from Seattle,
5 Washington to San Francisco, California in December of 2006. In the New York Action, IGO
6 sought a declaration that IGO was the owner of the mark INTERSEARCH and that IGO was not
7 infringing any of InterSearch's rights in the mark INTERSEARCH. The New York Action was
8 assigned Civil Action No. 07 CV 3545 (DAB)(KNF), and is pending before The Honorable Deborah
9 A. Batts.

10     IGO did not advise InterSearch that it had filed the New York Action, but instead continued
11 to engage in settlement negotiations with InterSearch. InterSearch subsequently learned of the New
12 York Action, but the parties continued their settlement negotiations, with IGO requesting settlement
13 proposals from InterSearch. Without knowledge that IGO had belatedly served the Complaint in the
14 New York Action by express courier, and after receiving a subsequent demand for a substantial sum
15 from IGO and a request for a response to the demand (but no notice of the service), InterSearch filed
16 the present action in the Northern District of California, alleging that IGO was infringing
17 InterSearch's rights in the INTERSEARCH mark and raising claims under California law based on
18 IGO's California activities, which include both infringement and intentional interference claims
19 under California law.

20     After 5:00 p.m. on September 21, 2007, with knowledge that InterSearch intended to file, on
21 the next business day, a motion to dismiss the Complaint in the New York Action for lack of
22 personal jurisdiction, IGO served a First Amended Complaint in New York alleging trademark
23 infringement under the Lanham Act and related causes of action, and adding Cook Associates
24 ("Cook"), an Illinois Corporation, as a defendant in the New York Action. IGO had not previously
25 complained to InterSearch about Cook's activities.

26     InterSearch believes coordination between this Court and the District Court for the Southern
27 District of New York will avoid conflicts, conserve judicial resources and promote an efficient
28 determination of this action. Accordingly, InterSearch has requested the District Court in the

2
NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING      CASE NO. C07-4634 MEJ
DM1\1207665.1

1  Southern District of New York to dismiss all counts in the New York Action, or in the alternative, to
2  transfer any surviving counts to the Northern District of California, on the following grounds: (i)
3  personal jurisdiction does not exist over InterSearch in New York; (ii) IGO's anticipatory Complaint
4  and First Amended Complaint naming InterSearch's Illinois-based licensee Cook constitute
5  improper forum shopping by IGO; (iii) there is no substantial nexus between IGO's claims and the
6  State of New York; and (iv) the Northern District of California, where IGO has it principal offices
7  and witnesses, and where no personal jurisdiction issues arise, is a more appropriate forum for
8  resolving the claims between the parties.  A copy of InterSearch's Memorandum in Support of its
9  Motion to Dismiss the New York Action is attached hereto as Appendix A, which includes the
10 supporting declarations attached thereto.
11       InterSearch notes that IGO has moved to dismiss the action pending before this Court on the
12 basis that the New York Action was filed first, which InterSearch intends to timely oppose.
13 Dismissal of the action pending before this Court or transfer to the Southern District of New York is
14 inappropriate because serious personal jurisdiction issues exist in the Southern District of New York,
15 which will ultimately lead to dismissal of the New York action as to IGO's claims against
16 InterSearch, and may lead to dismissal of any claims InterSearch might bring against IGO in New
17 York based on IGO's activities in California.  Thus, the interests of judicial economy will not be
18 served by dismissal or transfer of this matter to New York.  Conversely, dismissal or transfer of
19 IGO's claims in the New York Action will facilitate judicial economy because IGO may bring all of
20 its claims in the Northern District of California, without raising any jurisdictional or venue issues.
21 *See, e.g., Daniel v. American Bd. of Emergency*, 428 F.3d 408, 435-36 (2d Cir. 2005) (noting the risk
22 that lack of personal jurisdiction can require dismissal even after the parties have spent a substantial
23 amount of time litigating); *Fort Knox Music, Inc. v. Baptiste*, 139 F. Supp. 2d 505, 512 (S.D.N.Y.)
24 (*Fort Knox III*), *appeal dismissed*, 257 F.3d 108 (2d Cir. 2001) ("transfer at this juncture is necessary
25 to ensure that the Court and the parties do not expend even greater judicial resources in further
26 addressing an issue collateral to the merits of the underlying dispute [personal jurisdiction] and
27 which could be challenged on appeal.").
28 ///

1    Further, whether jurisdiction should be exercised under the Declaratory Judgment Act is a
2    decision committed to the discretion of the District Court in which the declaratory judgment action
3    was filed – in this case the Southern District of New York. *See* 28 U.S.C. Section 2201. Similarly,
4    whether or not personal jurisdiction exists under New York law over InterSearch is a question best
5    left for the District Court in the Southern District of New York (which would have to conduct its
6    own inquiry into its jurisdiction) because the confines of the New York general jurisdiction and
7    long-arm statutes must be considered before examining whether personal jurisdiction may be
8    exercised under the Due Process Clause of the U.S. Constitution. *See Jazini v. Nissan Motor Co.,*
9    *Ltd.*, 148 F.3d 181, 184-186 (2d Cir. 1998) (discussing factual allegations required to make *prima*
10   *facie* showing of personal jurisdiction under New York law). Finally, the District Court for the
11   Southern District of New York is certainly qualified to exercise its discretion and apply the
12   principals of comity in the case of two competing district court cases. *See NSI Corp. v. Showco,*
13   *Inc.*, 843 F. Supp. 642, 644-45 (D. Or. 1994) (dismissing first-filed declaratory judgment case in
14   favor of later-filed infringement action where declaratory plaintiff lead declaratory defendant to
15   believe settlement negotiations were ongoing).
16   Accordingly, InterSearch requests that this Court stay this action pending a ruling by the
17   United States District Court for the Southern District of New York on InterSearch's Motion to
18   Dismiss the New York Action. In the alternative, InterSearch requests that this Court enjoin further
19   prosecution of the New York Action by IGO.

**DUANE MORRIS LLP**

Dated: October 12, 2007        By:    /s/ Lina M. Brenner
                                      Lina M. Brenner
                                      Attorney for Plaintiff
                                      INTERSEARCH WORLDWIDE LTD.